1
RYAN J. MARTON (223979)
ryan@martonribera.com
2
CAROLYN CHANG (217933)
carolyn@martonribera.com
3
HECTOR J. RIBERA (221511)
hector@martonribera.com
4
MARTON RIBERA SCHUMANN & CHANG LLP
548 Market Street, Suite 36117
5
San Francisco, CA 94104
Tel.:  (415) 360-2511
6

7
*Attorneys for Zoho Corporation*

8
**UNITED STATES DISTRICT COURT**
9
**NORTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| ZOHO CORPORATION | Case No: |
| Plaintiff, | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| v. | **DEMAND FOR JURY TRIAL** |
| SENTIUS INTERNATIONAL, LLC | |
| Defendant. | |

1

Plaintiff Zoho Corporation ("Zoho" or "Plaintiff"), by and through its attorneys, brings the following Complaint against Defendant Sentius International, LLC ("Sentius" or "Defendant") for a declaratory judgment of non-infringement as follows:

## NATURE OF THE ACTION

1.      Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2201, and the patent laws of the United States, 35 U.S.C. § 101 *et seq.*, Zoho seeks a declaratory judgment of non-infringement of U.S. Patent Nos. 7,672,985 ("'985 patent") and RE43,633 ("'633 patent") (collectively "the patents-in-suit").

2.      Sentius has contacted Zoho and asserted that the spell check feature in three of Zoho's products (Zoho Mail, Zoho Docs and Zoho Recruit) (collectively "accused Zoho products") infringe the patents-in-suit.  Because Sentius's assertions have no merit and the accused Zoho products do not infringe the patents-in-suit, Zoho seeks a declaratory judgment of non-infringement.

## THE PARTIES

3.      Zoho is a corporation organized and existing under the laws of California with a principal place of business in the Northern District of California.

4.      Sentius has alleged that it is a limited liability company organized and existing under the laws of Virginia with its principal place of business at 8300 Greensboro Drive, Suite 800, McLean, VA, 22102.

## JURISDICTION AND VENUE

5.      This is a civil action regarding patent non-infringement arising under the patent laws of the United States.  Sentius has asserted that the patents-in-suit read on the accused Zoho products. Zoho does not infringe the patents-in-suit.  Thus, a substantial controversy exists between Zoho and Sentius that is of sufficient immediacy and reality to empower the Court to issue a declaratory judgment.

6.      This Court has subject matter jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and pursuant to 28 U.S.C. §§ 2201 and 2202.

7.      This Court has personal jurisdiction over Sentius, because, on information and belief, Sentius has purposefully availed itself of the privilege of conducting activities within the state of

California and this district. Sentius has purposefully and affirmatively sought to enforce and/or license the intellectual property at issue in this case within this district. It has asserted the patents-in-suit in this district against Microsoft Corporation and it has made licensing demands to Zoho in this district.

8. Venue is proper in this court under 28 U.S.C. § 1391(b) because the events which give rise to the requested remedy occurred in district.

## INTRADISTRICT ASSIGNMENT

9. This is an intellectual property action to be assigned on a district wide basis pursuant to Civil L.R. 3-2(c).

## BACKGROUND FACTS

10. In late 2015 Sentius sent correspondence to Zoho asserting that certain Zoho products infringe the '633 patent. Zoho responded in early 2016 explaining that its product did not infringe the '633 patent.

11. In August 2018 Sentius again contacted Zoho asserting that the accused Zoho products infringe the '633 patent and, in addition, it contended that Zoho infringed the '985 patent. Sentius requested that Zoho take a license to these patents.

12. Despite Sentius's assertions, Zoho does not infringe either of the patents-in-suit.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgement of Non-Infringement of the '985 Patent)

13. Zoho repeats and realleges each and every allegation contained in the preceding paragraphs above as if fully set forth herein.

14. Sentius claims to own all right, title and interest in the '985 patent, including rights to enforce the '985 patent and recover for its infringement.

15. Sentius has asserted that the Zoho Mail, Zoho Docs and Zoho Recruit products infringe the '985 patent.

16. Zoho does not infringe, directly or indirectly, the '985 patent.

17. An actual controversy exists between Zoho and Sentius concerning non-infringement of the '985 patent.

18.     Accordingly, Zoho seeks a declaration that the claims of the '985 patent are not infringed.

## SECOND CLAIM FOR RELIEF

(Declaratory Judgement of Non-Infringement of the '633 Patent)

19.     Zoho repeats and realleges each and every allegation contained in the preceding paragraphs above as if fully set forth herein.

20.     Sentius claims to own all right, title and interest in the '633 patent, including rights to enforce the '633 patent and recover for its infringement.

21.     Sentius has asserted that the Zoho Mail, Zoho Docs and Zoho Recruit products infringe the '633 patent.

22.     Zoho does not infringe, directly or indirectly, the '633 patent.

23.     An actual controversy exists between Zoho and Sentius concerning non-infringement of the '633 patent.

24.     Accordingly, Zoho seeks a declaration that the claims of the '633 patent are not infringed.

## PRAYER FOR RELIEF

WHEREFORE, Zoho prays for judgment as follows:

A.     A declaration that Zoho has not infringed and is not infringing, either literally or by virtue of the doctrine of equivalents, any valid or enforceable claim of the '985 patent, that Zoho has not contributed to or induced, and is not contributing to or inducing, infringement of the '985 patent, and that Zoho is not liable for any infringement;

B.     A declaration that Zoho has not infringed and is not infringing, either literally or by virtue of the doctrine of equivalents, any valid or enforceable claim of the '633 patent, that Zoho has not contributed to or induced, and is not contributing to or inducing, infringement of the '633 patent, and that Zoho is not liable for any infringement;

C.     A declaration that this is an exceptional case within the meaning of 35 U.S.C. § 285 and that Zoho be awarded its attorneys' fees; and

D.     Any and all other relief to which Zoho may be entitled or which this Court deems just

and proper.

## DEMAND FOR JURY TRIAL

Zoho demands trial by jury on all issues so triable.

Dated: January 1, 2019                           Respectfully submitted,


                                        MARTON RIBERA SCHUMANN & CHANG LLP

                                        By:____/s/ *Ryan J. Marton*
                                             Ryan J. Marton

                                        RYAN J. MARTON (SBN 223979)
                                        ryan@martonribera.com
                                        MARTON RIBERA SCHUMANN & CHANG LLP
                                        548 Market Street, Suite 36117
                                        San Francisco, CA 94104
                                        Telephone:  (415) 360-2515