SANDEEP SETH (SBN 195914)
ss@sethlaw.com
SETH LAW OFFICES
Two Allen Center
1200 Smith Street, Suite 1600
Houston, Texas 77002
Telephone No.: 713-244-5017
Facsimile No.:  713-244-5018

ROBERT J. YORIO (SBN 93178)
yorio@carrferrell.com
STACEY M. TAM (SBN 292982)
CARR & FERRELL LLP
120 Constitution Drive
Menlo Park, California  94025
Telephone No.: (650) 812-3400
Facsimile No.:  (650) 812-3444

Attorneys for Defendant
SENTIUS INTERNATIONAL, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOHO CORPORATION,<br><br>                    Plaintiff,<br><br>          v.<br><br>SENTIUS INTERNATIONAL, LLC<br><br>                    Defendant. | CASE NO. 4:19-cv-00001-YGR<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, TO TRANSFER ACTION; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**DATE:**          **April 16, 2019**<br>**TIME:**          **2:00 PM**<br>**COURTROOM:** **1, 4TH Floor**<br>**JUDGE:**        **Hon. Yvonne Gonzalez Rogers** |

1

**TABLE OF CONTENTS**

2    I.    BACKGROUND ...........................................................................................................2

3
     II.   LEGAL STANDARDS...............................................................................................3
4

5    III.  DISCUSSION ..............................................................................................................6

6
           A.   Sentius Lack Sufficient Minimum Contacts for the Exercise of Personal Jurisdiction
7               Over Sentius in Zoho's Declaratory Judgement Action ................................6

8               1.    Lack of General Personal Jurisdiction ....................................................6

9               2.    Lack of Specific Personal Jurisdiction....................................................6

10                   a.    Lack of Minimum Contacts .........................................................7

11                   b.    Even If Sufficient Minimum Contacts Exist to Establish Personal
12                         Jurisdiction, It Would Not Be Reasonable for the Court to Entertain This
13                         Declaratory Judgment Action .................................................11

14         B.   The Case should be Transferred Pursuant to 28 U.S.C. § 1631 or 28 U.S.C. § 1404....13

15              1.    Transfer Pursuant to 28 U.S.C. § 1631 .................................................13

16              2.    Transfer Pursuant to 28 U.S.C. § 1404 .................................................13

17   IV.   CONCLUSION...........................................................................................................16

18

19

20

21

22

23

24

25

26

27

28

i

DEF'S NOTICE OF MOTION & MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE
ALTERNATIVE, TO TRANSFER ACTION; SUPPORTING MEMORANDUM OF POINTS & AUTHORITIES

**TABLE OF AUTHORITIES**

**CASES**

*AFTG-TG, LLC v. Nuvoton Tech. Corp.*,
689 F.3d 1358 (Fed. Cir. 2012) ........................................................................................... 6

*Am. GNC Corp. v. GoPro, Inc.*,
2018 U.S. Dist. LEXIS 192256, at \*61-62 (S.D. Cal. Nov. 6, 2018) ........................................ 15, 16

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
566 F.3d 1012 (Fed. Cir. 2009) ...................................................................................... 3, 9

*Avocent Huntsville Corp. v. Aten Int'l Co.*,
*552 F.3d 1324 (Fed. Cir.2008)* .................................................................................. passim

*Avritt v. Reliastar Life Ins. Co.*,
2007 U.S. Dist. LEXIS 14084, 2007 WL 666606, at \*3 (W.D. Wash. Feb. 27, 2007) .................... 16

*Barnes & Noble, Inc. v. LSI Corp.*,
823 F. Supp. 2d 980 (N.D. Cal. 2011) ............................................................................... 14

*Bayer Healthcare LLC v. Nektar Therapeutics*,
2018 U.S. Dist. LEXIS 41193, ---WL---, at \*35 ................................................................... 13

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*,
21 F.3d 1558 (Fed. Cir.1994) ............................................................................................ 3

*BNSF Ry. Co. v. Tyrrell*,
137 S. Ct. 1549, 1558, 198 L. Ed. 2d 36 (2017) .................................................................... 4

*Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*,
444 F.3d 1356 (Fed. Cir. 2006) ................................................................................... 3, 8, 9

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462, 476, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985) .................................................. 4, 5

*Credit Acceptance Corp. v. Drivetime Automotive Grp., Inc.*,
2013 U.S. Dist. LEXIS 199138, 2013 WL 12124382, at \*2 (C.D. Cal. Aug. 5, 2013) .............. 14, 16

*Daimler AG v. Bauman*,
571 U.S. 117, 134 S. Ct. 746, 761, 187 L. Ed. 2d 624 (2014) ............................................ 3, 4, 5, 6

*Decker Coal Co. v. Commonwealth Edison Co.*,
805 F.2d 834 (9th Cir. 1986) ........................................................................................... 14

*Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*,
297 F.3d 1343 (Fed. Cir. 2002) .......................................................................................... 4

*Elecs. For Imaging, Inc. v. Coyle*,
340 F.3d 1344 (Fed. Cir. 2005) ...................................................................................... 6, 7

*Goodyear Dunlop Tires Operations, S.A. v. Brown,*
  564 U.S. 915, 131 S. Ct. 2846, 2851, 180 L. Ed. 2d 796 (2011) ......................................4

*Inamed Corp. v. Kuzmak,*
  249 F.3d 1356 (Fed. Cir. 2001)..............................................................................4, 5

*Int'l Shoe Co. v. Washington,*
  326 U.S. 310, 320, 66 S. Ct.154, 90 L. Ed. 95 (1945) .....................................3, 4, 5

*Jones v. GNC Franchising, Inc.,*
  211 F.3d 495 (9th Cir. 2000)............................................................................14

*Lax v. Toyota Motor Corp.,*
  No. 14-cv-01490- WHO, 2014 WL 3973482 at *6 (N.D. Cal. Aug. 14, 2014)...............15

*Martin v. Glob.Tel*Link Corp.,*
  2015 U.S. Dist. LEXIS 59474, 2015 WL 2124379, at *2 (N.D. Cal. May 6, 2015) ........14

*Miller v. Hambrick,*
  905 F.2d 259 (9th Cir. 1990).............................................................................13

*Moore v. Telfon Communications Corp.,*
  589 F.2d 959 (9th Cir. 1978).............................................................................14

*NexLearn, LLC v. Allen Interactions, Inc.,*
  859 F.3d 1371 (Fed. Cir. 2017)............................................................................4

*NuCal Foods, Inc. v. Quality Egg LLC,*
  887 F.Supp. 2d 977 (E.D. Cal. 2012)....................................................................7

*Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*
  , 148 F.3d 1355 (Fed. Cir. 1998)......................................................................8, 9

*Regents of the Univ. of Cal. v. Eli Lilly & Co.,*
  119 F.3d 1559 (Fed. Cir. 1997)..........................................................................16

*Silent Drive, Inc. v. Strong Indus., Inc.,*
  326 F.3d 1194 (Fed. Cir. 2003)............................................................................9

*Viam Corp. v. Iowa Export-Import Trading Co.,*
  84 F.3d 424 (Fed. Circ. 1996)...........................................................................10

*Xilinx, Inc. v. Papst Licensing GmbH & Co. KG,*
  848 F.3d 1346 (Fed. Cir. 2017)..................................................................3, 5, 11

**STATUTES**

28 U.S.C. § 1404 .............................................................................................13

28 U.S.C. § 1631 .............................................................................................13

1

28 U.S.C. §1404(a) ............................................................................................................2, 13

2

**RULES**

3

Fed. R. Civ. P.12(b)(2)........................................................................................................2, 3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEF'S NOTICE OF MOTION & MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE
ALTERNATIVE, TO TRANSFER ACTION; SUPPORTING MEMORANDUM OF POINTS & AUTHORITIES

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, on April 16, 2019 at 2:00 p.m., or as soon thereafter as the matter may be heard before the Honorable Yvonne Gonzalez Rogers, United States District Judge, Courtroom 1, 4th Floor, of the United States District Court for the Northern District of California, Oakland Division, 1301 Clay Street, Oakland, California 94612, Defendant International, LLC ("Sentius") will, and hereby does, move to dismiss the Complaint filed in *Zoho Corporation v. Sentius International, §LLC*, Case No. 4:19-cv-00001-YGR, pursuant to Federal Rule of Civil Procedure (12(b)(6) or, in the alternative, to transfer this Declaratory Judgment action to the District of Delaware pursuant to 28 U.S.C. § 1404.

This Motion is made on the grounds that (1) Plaintiff cannot establish minimum contacts for the exercise of personal jurisdiction over Sentius in this Declaratory Judgment action; (2) even if minimum contacts did exist, the exercise of personal jurisdiction over Sentius would not be reasonable under the circumstances; and (3) even if the exercise of jurisdiction was reasonable, the Declaratory Judgment action can be transferred to a District in which personal jurisdiction is not disputed and where other lawsuits involving one or both of the asserted patents are currently pending, including one involving the plaintiff's parent company.

This Motion is based on this Notice of Motion ad Motion, the Memorandum of Points and Authorities below, and such other submissions presented before or at the Motion's hearing.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Sentius International, Inc. ("Sentius") moves to dismiss the declaratory judgment complaint filed by Zoho Corporation ("Zoho") pursuant to Fed. R. Civ. P.12(b)(2) for lack of personal jurisdiction.  In the alternative to granting the motion to dismiss, Sentius moves to transfer this case under 28 U.S.C. §1404(a) to the District of Delaware, where there are presently four lawsuits pending involving the same patents-in-suit including one against Zoho's parent company, Zoho Corporation, Pvt., Ltd. ("Zoho India")[1]

## I.      BACKGROUND

Sentius is a Virginia LLC with its principal place of business in Virginia.  Its chief executive officer and sole employee, Marc Bookman, has filed a declaration in support of this Motion that attests to the following facts: (a) he does not reside in California; (b) Sentius stopped doing business in California on or around June 2006;  (c) Sentius is not registered to do business in California; (d) Sentius does not have a registered agent for service of process in California; (e) Sentius does not have offices, employees, equipment, bank accounts or other assets in California; and (f) Sentius does not manufacture products, sell products, or solicit business in California. Declaration of Marc Bookman ("Bookman Decl.") at ¶¶ 1-8.

Sentius' only contacts with California since June 2006, when it stopped doing business there, have been limited to the enforcement of the '633 and '985 patents. Specifically, Sentius (a) filed an action against Microsoft in 2013 in this Court  in connection with the infringement of the '633 and '985 patents and that case ended in January of 2015; and (b) sent communications (letters and emails)  to Plaintiff whose offices are located in California, and has corresponded with about 144 other companies in various jurisdictions wherever the companies were located, about 34 of which were located in California. Sentius has licensed five companies (including Microsoft) under the '633 patent, one of which is located in California. *Id.* at ¶ 9.

---

[1]   These are: Sentius International, LLC v. LG Electronics USA and LG Electronics, Inc., C.A. No. 18-cv-1217-MN; Sentius International, LLC v. HTC Corporation, C.A. No. 18-cv-1216-LPS; and Sentius International, LLC v. Zoho Corporation, PVT, LTD, 19-cv-385-UNA.

On or about October 16, 2018, Sentius sent correspondence to Plaintiff regarding the '985 patent.  This correspondence was in follow-up to earlier correspondence with Zoho regarding the '633 patent that had begun with an initial correspondence on October 6, 2015.  After receiving and accepting (with certain language modifications that Sentius had accepted) an offer from Sentius for a tolling agreement, but before the tolling agreement was executed, Zoho filed the instant declaratory judgment action seeking a declaration of non-infringement of the '633 and '985 patents.

## II.    LEGAL STANDARDS

Rule 12(b)(2) authorizes a defendant to challenge a complaint "for lack of jurisdiction over the person." Because the issue of personal jurisdiction in a declaratory action for non-infringement is "intimately related to patent law," Federal Circuit law governs. *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1361 (Fed. Cir. 2006). "Determining whether jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process and whether assertion of personal jurisdiction violates due process." *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009). "California's long-arm statute permits service of process to the full extent allowed by the due process clauses of the United States Constitution," so "the two inquiries collapse into a single inquiry: whether jurisdiction comports with due process." *Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*, 848 F.3d 1346, 1353 (Fed. Cir. 2017) (internal quotation marks omitted).

Due process precludes a court from asserting jurisdiction over a defendant unless the defendant has minimum contacts with the forum state such that an exercise of jurisdiction would not offend "traditional conception[s] of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320, 66 S. Ct.154, 90 L. Ed. 95 (1945). The minimum contacts requirement ensures "that nonresidents have fair warning that a particular activity may subject them to litigation within the forum." *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1565 (Fed. Cir.1994).

The "minimum contacts" requirement can be satisfied in two ways: general jurisdiction or specific jurisdiction. General jurisdiction applies where a nonresident defendant's "affiliations with the State are so 'continuous and systematic' as to render it essentially at home in the forum state." *Daimler AG v. Bauman*, 571 U.S. 117, 134 S. Ct. 746, 761, 187 L. Ed. 2d 624 (2014) (quoting

3

DEF'S NOTICE OF MOTION & MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE
ALTERNATIVE, TO TRANSFER ACTION; SUPPORTING MEMORANDUM OF POINTS & AUTHORITIES

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 131 S. Ct. 2846, 2851, 180 L. Ed. 2d 796 (2011)). Where general jurisdiction is inappropriate, the court may still exercise specific jurisdiction where "the defendant has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities.'" *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1350-51 (Fed. Cir. 2002) (quoting *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001)).

If the minimum contacts requirement is satisfied for general jurisdiction, the inquiry ends. See *Daimler*, 134 S. Ct. at 762 n. 20 (noting that when under general jurisdiction analysis, "if a corporation is genuinely at home in the forum state . . . [a fairness factor analysis] would be superfluous"). On the other hand, when "it has been decided that a defendant purposefully established minimum contacts within the forum State" to sustain specific jurisdiction, "these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would 'comport with fair play and substantial justice.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985) (quoting *Int'l Shoe*, 326 U.S. at 320).

In *Daimler*, the U.S. Supreme Court established that a court may assert general jurisdiction over a nonresident defendant only when the defendant's "affiliations with the State are so 'continuous and systematic' as to render it essentially at home in the forum State." *Daimler*, 134 S. Ct. at 761 (quoting *Goodyear*, 131 S. Ct. at 2851); see also *NexLearn, LLC v. Allen Interactions, Inc.*, 859 F.3d 1371, 1375 (Fed. Cir. 2017) (applying the same standard). "[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there. 'For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home.'" *Daimler*, 134 S. Ct. at 760 (quoting *Goodyear*, 131 S. Ct. at 2853-54); see also *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558, 198 L. Ed. 2d 36 (2017) (same).

In the case of specific jurisdiction, as opposed to general jurisdiction, the Federal Circuit has summarized the Supreme Court's due process jurisprudence in a three-factor test: "(1) whether the defendant 'purposefully directed' its activities at residents of the forum; (2) whether the claim 'arises out of or relates to' the defendant's activities with the forum; and (3) whether assertion of personal

jurisdiction is 'reasonable and fair.'" *Inamed*, 249 F.3d at 1360. "The first two factors correspond with the 'minimum contacts' prong of the [*International Shoe Co. v. Washington*, 326 U.S. 310 (1945)] analysis, and the third factor corresponds with the 'fair play and substantial justice' prong of the analysis." *Inamed*, 249 F.3d at 1360; *Xilinx*, 858 F.3d at 1353. For the first factor, it is essential that the defendant had "purposefully availed" itself of the opportunity of conducting activities in the forum state, and for the second factor, there must be assertions that the suit "arises out of" the defendant's contacts with the forum state. *Xilinx, Inc.*, 848 F.3d at 1353.

The reasonableness prong is separate from the minimum contacts prong. *Burger King,* 471 U.S. at 476 (1985) ("Once it has been decided that a defendant purposefully established minimum contacts within the forum State, these contacts may be considered in light of *other factors* to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Daimler,* 134 S. Ct. at 762 n.20 (emphasis added). Thus, "[f]irst, a court is to determine whether the connection between the forum and the episode-in-suit could justify the exercise of specific jurisdiction. Then, in a second step, the court is to consider several additional factors to assess the reasonableness of entertaining the case." The Court identified five considerations relevant to the reasonableness analysis:

> [C]ourts in "appropriate case[s]" may evaluate [1] "the burden on the defendant," [2] "the forum State's interest in adjudicating the dispute," [3] "the plaintiff's interest in obtaining convenient and effective relief," [4] "the interstate judicial system's interest in obtaining the most efficient resolution of controversies," and [5] the "shared interest of the several States in furthering fundamental substantive social policies."

*Burger King,* 471 U.S. at 477.

Where, as here, "the district court's disposition as to the personal jurisdictional question is based on affidavits and other written materials in the absence of an evidentiary hearing, a plaintiff need only to make a *prima facie* showing that defendants are subject to personal jurisdiction." *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1328 (Fed. Cir.2008). The uncontroverted allegations in the complaint must be taken as true and factual conflicts must be resolved in Plaintiff's favor. *Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir.

2005). However, "bare formulaic accusations" that a defendant maintains sufficient contacts with the forum state are inadequate. *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1365 (Fed. Cir. 2012).

## III.    DISCUSSION

### A.    Sentius Lack Sufficient Minimum Contacts for the Exercise of Personal Jurisdiction Over Sentius in Zoho's Declaratory Judgement Action

Zoho's declaratory judgment action cannot be maintained in California for lack of personal jurisdiction over Defendant Sentius.

#### 1.    Lack of General Personal Jurisdiction

Zoho does not allege any basis for general jurisdiction and Sentius does not reside in California. Sentius is a Virginia LLC with its principal place of business in Virginia. Bookman Decl. ¶¶ 1-2.   Its chief executive officer and sole employee, does not reside in California and Sentius stopped doing any commercial business in California on or around June 23, 2006. *Id.* at ¶¶ 2-4. Sentius is not registered to do business in California, Sentius does not have a registered agent for service of process in California, Sentius does not have offices, employees, equipment, bank accounts or other assets in California; and Sentius does not manufacture products, sell products, or solicit business in California. *Id.* at ¶¶ 5-8.   Sentius has no continuous and systematic affiliations with the state as to render it "essentially at home in" California. *Daimler*, 134 S. Ct. at 761, 772 (holding *Daimler AG*, the German manufacturer of Mercedes-Benz automobiles, was not subject to general jurisdiction in California "despite its multiple offices, continuous operations, and billions of dollars' worth of sales there.") Here, a prima facie case cannot be made for general personal jurisdiction.

#### 2.    Lack of Specific Personal Jurisdiction

Where a defendant is not subject to general jurisdiction in the forum state, a district court may nonetheless exercise specific jurisdiction over the defendant if (1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to the defendant's activities with the forum, and (3) the assertion of personal jurisdiction is reasonable and fair. *Avocent*, 552 F.3d at 1331-32. While the plaintiff bears the burden to establish minimum contacts, upon this showing, defendants must prove that the exercise of jurisdiction is unreasonable.  *Elecs.*

DEF'S NOTICE OF MOTION & MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, TO TRANSFER ACTION; SUPPORTING MEMORANDUM OF POINTS & AUTHORITIES

*For Imaging*, 340 F.3d at 1350.

### a.   Lack of Minimum Contacts

Here, Plaintiff cannot establish minimum contacts.  Plaintiff's entire premise for specific personal jurisdiction is stated in paragraph 7 of its Declaratory Judgment Complaint, recited here in its entirety:

> This Court has personal jurisdiction over Sentius, because, on information and belief,
>
> > Sentius has purposefully availed itself of the privilege of conducting activities within the state of California and this district. Sentius has purposefully and affirmatively sought to enforce and/or license the intellectual property at issue in this case within this district. It has asserted the patents-in-suit in this district against Microsoft Corporation and it has made licensing demands to Zoho in this district.  (ECF 1 at ¶ 7).

The first sentence of the paragraph is conclusory and may be ignored.  S*ee NuCal Foods, Inc. v. Quality Egg LLC*, 887 F.Supp. 2d 977, 988 (E.D. Cal. 2012) ("[T]he court need not consider merely conclusory claims, or legal conclusions in the complaint as establishing jurisdiction."). The second sentence avers that Sentius "has purposefully and affirmatively sought to enforce and/or license the intellectual property at issue in this case within this district." The terms "purposefully and affirmatively" are also conclusory and may likewise be ignored, since there is no underlying factual allegation associated with either term.  Regarding the allegation that Sentius has "sought to enforce and/or license the intellectual property at issue in this district," Zoho predicates this on two specific sub-allegations, namely that Sentius has: (a) asserted the patents-in-suit in this district against Microsoft Corporation; and (b) has made licensing demands to Zoho in this district.

The first is factually correct. Sentius did bring a lawsuit in the Northern District involving the same patents-in-suit in this declaratory judgement action against Microsoft in 2013.  However, as discussed below, no decision known to date to Sentius has used the fact that the defendant may have previously brought a lawsuit involving the same patent in the same district as establishing minimum contacts.

The second, that Sentius has made licensing demands to Zoho in this district, is not entirely factually correct.  Sentius did write to Zoho that it believed that Zoho needed a license and offered to

7

DEF'S NOTICE OF MOTION & MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, TO TRANSFER ACTION; SUPPORTING MEMORANDUM OF POINTS & AUTHORITIES

substantively discuss the matter with Zoho to resolve the matter.  Indeed, to that end, Sentius even offered to Zoho a tolling agreement to facilitate such discussions outside of litigation.  After Zoho agreed to enter into the agreement but before executing it, Zoho filed the instant action.  Sentius had never even met Zoho in this district, or anywhere else for that matter.  Bookman Decl. at ¶¶ 10-11.

Taking the allegation as true, under Federal Circuit law, attempts to license or enforce patent rights are in and of themselves insufficient, without more, to establish minimum contacts because to predicate minimum contacts solely on such activity would not comport with the "fair play and substantial justice."  In *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.,* 148 F.3d 1355, 1360-61 (Fed. Cir. 1998), the Federal Circuit was explicit that "[p]rinciples of fair play and substantial justice afford a patentee sufficient latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign forum. A patentee should not subject itself to personal jurisdiction in a forum solely by informing a party who happens to be located there of suspected infringement." Accord *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1333 (Fed. Cir. 2008).   As the court further explained, "offering a license is tantamount to the settlement of litigation, and federal policy encourages settlement negotiations. *Red Wing Shoe*, 148 F.3d at 1361. Accord *Avocent*, 552 F.3d at 1340. Thus, this second allegation, and the fact that Sentius wrote to Zoho in this district and made efforts for Zoho to license the patent or to demonstrate that it had no need to do so, does not establish minimum contacts.

Given the fair play and substantial justice requirement, the Federal Circuit has consistently required additional "purposeful" activities directed to the forum related to the patents-in-suit.  For example, in some circumstances, entering into an exclusive license with a resident company would supply the additional contact giving rise to the minimum contacts.  In *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc*., 444 F.3d 1356, 1366 (Fed. Cir. 2006), the Federal Circuit noted:

> [T]he crux of the due process inquiry should focus first on whether the defendant has had contact with parties in the forum state beyond the sending of cease and desist letters or mere attempts to license the patent at issue there. Where a defendant-licensor has a relationship with an exclusive licensee headquartered or
>
> doing business in the forum state, the inquiry requires close examination of the license agreement. In particular, our case law requires that the

8

1
2
3

> license agreement contemplate a relationship beyond royalty or cross-licensing payment, such as granting both parties the right to litigate infringement cases or granting the licensor the right to exercise control over the licensee's sales or marketing activities.

4

See also, *Silent Drive, Inc. v. Strong Indus., Inc*., 326 F.3d 1194, 1202 (Fed. Cir. 2003)

5

(noting that "[e]xclusive license agreements with respect to the patents at issue with residents of the

6

forum . . . have, at least in some circumstances, been held sufficient to confer personal jurisdiction.")

7

The Federal Circuit found personal jurisdiction in *Breckenridge* based upon the specific terms of the

8

exclusive license agreement and further noted in *Avocent* that "we would not have accepted

9

jurisdiction based solely on the letters in [Breckenridge], which included 'between ten and twenty

10

letters to vitamin distributors and retailers informing them of the Metabolite patents and PamLab's

11

exclusive license.'" *Avocent,* 552 F.3d at 1340. Cf. *Red Wing Shoe*, 148 F.3d at 1357-58 (defendant

12

commercialized its patent in the forum state through thirty-four non-exclusive licensees, all of which

13

sold products in the forum state and six of which maintained retail stores there). The Federal Circuit

14

has held "that the mere receipt of royalty income from sales in the forum state was insufficient to

15

ground personal jurisdiction" in a declaratory judgment action." *Breckenridge*, 444 F.3d at 1364

16

(describing holding of *Red Wing Shoe*).

17

Similarly, the Federal Circuit held in *Autogenomics, Inc. v. Oxford Gene Technology Ltd.*,

18

566 F.3d 1012, 1014-15 (Fed. Cir. 2009) that the fact that the defendant patentee, Oxford, had non-

19

exclusive licenses with "about ten" California companies in addition to its licensing communications

20

regarding the patent-in-suit with the California company, did not give rise to personal jurisdiction in

21

the declaratory judgement action brought by Autogenomics.  Here, no such facts exist.  Sentius is

22

not alleged to and does not in fact have any exclusive license in California or elsewhere. Plaintiff

23

and Sentius have never met: anywhere.  Sentius has no supply agreements or any commercial

24

contracts with any California based company involving the patent technology. It has not done

25

business in California since June 2006.  And it certainly has not licensed "about ten" California

26

companies. Sentius has in fact a total of five non-exclusive licenses and only one of those companies

27

is located in California. And Sentius cannot dictate where its licensees are located.  Bookman

28

Declaration at ¶ 9.

Plaintiff only alleges one additional contact that relates to the present Declaratory Judgment action:  that Sentius filed a case against Microsoft in February 2013 in the Northern District of California that involved the same patents-at-issue. Plaintiff makes no allegation that Sentius has filed any cases since that case in California, as Sentius has not.  It has filed two cases in the Eastern District of Texas (both resolved) involving the '633 patent, and has filed four cases in the District of Delaware (one has settled and other three are ongoing) involving the '633 patent, one of which ongoing cases involves both the '633 and '985 patent.  Sentius will shortly be filing another case in the district of Delaware that involves both the '633 and '985 patents. Bookman Declaration at ¶ 12.

As of the filing of the present motion, Sentius has found no case in which the requisite minimum contacts have been found for a company solely on the basis of corresponding in connection with enforcement of the patents-in-suit and having filed a patent infringement case involving the patents-in-suit years prior.  Sentius has found two cases that address the issue of the declaratory judgment defendant having filed a patent infringement suit in the district, and neither discussed such as a minimum contact factor but rather as a "reasonableness" factor.

In the first, *Viam Corp. v. Iowa Export-Import Trading Co.*, 84 F.3d 424, 429 (Fed. Circ. 1996), the Federal Circuit found that Spal, an Italian company and the patent holder of the patent that was the subject of the declaratory judgment action, had minimum contacts with the forum because it had a U.S. distributor that had sufficient contact with the forum and had acted as Spal's agent in initiating the interaction with Viam that resulted in the instant suit.  Having determined sufficient minimum contacts existed, the Court went on to apply the five factors to determine whether the exercise of personal jurisdiction would be reasonable.  In considering the first factor, burden on the defendant, the Court found this factor against Spal because "Spal and Iowa Export have initiated a suit seeking to enforce the same patent…in the same district court." *Id.* at 430. The Court thus did not use this fact to establish minimum contacts, but rather applied it as one factor in the reasonableness calculus, after having established minimum contacts on other grounds. Notably, the Federal Circuit did not consider the litigation at all in establishing minimum contacts.

The second case Sentius has found that considered the defendant patentee having initiated litigation in the forum involving the patent-in-suit in the declaratory judgment action is *Xilinx, Inc. v.*

*Papst Licensing GmbH & Co. KG*, 848 F.3d 1346 (Fed. Cir. 2017).  In that case, Papst was a German company whose business model was to perform due diligence regarding the infringement of patents prior to purchasing and then asserting them. *Id* at 1350.  Before acquiring the patents-in-suit in the declaratory judgment action, Papst had performed due diligence on twenty-nine companies, twenty-eight of which were located in or had a significant presence in California.  Papst had not only sent letters to Xilinx but also had sent three representatives to California to meet with Xilinx to discuss infringement and potential licensing.  *Id*. at 1351. Pabst did not contest minimum contacts. *Id*. at 1354.  In turning to the reasonableness prong, the Court noted that Pabst, as a non-U.S. entity, was different from a U.S. entity "that conducts its affairs in one state and is called to litigate in a distance state" but rather "must ligate its patents somewhere in the United States" and "the lack of significant burden on Papst is also evidenced by Papst's prior litigations in California itself" noting that it had filed not fewer than seven patent infringement lawsuits there.  *Id*. at 1357.  This is again notable because these litigations were not used by the Court in its minimum contacts analysis, but which did include Papst's in person visit to California.  *Id.*

Sentius's prior lawsuit does not give rise to minimum contacts.  In light of the above, there are simply insufficient contacts with the state of California to find that Sentius "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Avocent,* 552 F.3d 1329.

      **b.**      **Even If Sufficient Minimum Contacts Exist to Establish Personal Jurisdiction, It Would Not Be Reasonable for the Court to Entertain This Declaratory Judgment Action**

However, even were the Court to find that Sentius has the requisite minimum contacts, the Court should not entertain this declaratory judgment action because all five "reasonableness" prong factors weigh against doing so.  In this case, Sentius currently has three patent litigations involving the same patents currently pending in the District of Delaware, including an action involving the Plaintiff's parent corporation (Zoho Corporation, Pvt, Ltd).  Bookman Decl. at ¶ 12.  Therefore, in evaluating factor [1] "the burden on the defendant," it would be burdensome for the Defendant to

11

engage in duplicative litigation here requiring it to engage in a second set of Markman and infringement proceedings as must already be conducted in Delaware addressing the same issues. In evaluating factor [2] "the forum State's interest in adjudicating the dispute," there are no state law issues involved in the Plaintiff's declaratory judgement action that implicate the State's interest in adjudicating the dispute. The declaratory judgment action only brings up one matter, whether or not certain Zoho products are infringing the '633 or '985 patents, the same matter that will be decided in the Delaware case against its parent company and which will involve the same or related claim construction issues as the other Sentius cases involving the '633 and '985 patents currently pending there. And while a State certainly has an interest in its residents being able to obtain a declaration of non-infringement, Plaintiff will not be deprived such ability by having its case transferred to Delaware.

Similarly, in considering factor [3] "the plaintiff's interest in obtaining convenient and effective relief," while (perhaps for forum shopping purposes) Plaintiff may argue otherwise, as an objective matter the Plaintiff will have convenient and effective relief in Delaware because it will also not have to litigate the same issues in two forums. In considering factor [4] "the interstate judicial system's interest in obtaining the most efficient resolution of controversies," judicial economy will be served by having a single Court determine the claim construction and infringement issues involving these two patents.

Finally, in considering factor [5] the "shared interest of the several States in furthering fundamental substantive social policies," it is in the several States interests that patents be adjudicated consistently. Particularly given that Sentius requests the transfer of this case in the alternative of dismissal, it would be not be reasonable for the Court to exercise personal jurisdiction over Sentius to entertain this declaratory judgment action rather than transferring it to the District of Delaware where Plaintiff may equally obtain the substantive relief it seeks.

///
///
///
///

1

2

**B.     The Case should be Transferred Pursuant to 28 U.S.C. § 1631 or 28 U.S.C. § 1404**

3

    **1.     Transfer Pursuant to 28 U.S.C. § 1631**

4

      If the Court determines that it lacks personal jurisdiction over Sentius, Sentius is still amenable to a transfer of this case pursuant to 28 U.S.C. § 1631 to the District of Delaware, where the three other cases are pending involving the 'same '633 and '985 patents, including one case against Zoho's parent company, Zoho India. "Under a provision of the Federal Courts Improvement Act, 28 U.S.C. § 1631, if a court finds that there is a want of jurisdiction the court shall transfer the action to any other such court in which the action could have been brought 'if it is in the interest of justice.'" *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990). "Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'" *Id.* (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467, 82 S. Ct. 913, 8 L. Ed. 2d 39 (1962)). Here, the instant action could have been brought by Zoho in the District of Delaware.

5

6

7

8

9

10

11

12

13

14

      It is also in the interest of justice to transfer this case to Delaware so that it can be heard by the same judge who is already hearing the related Delaware actions including the action against Zoho's parent. There is significant overlap between all of these cases because they involve the same patents as the instant cases and transfer would thus decrease the risk of inconsistent rulings and would save judicial time and resources because only one court will need to learn the subject matter underlying the patents. *Bayer Healthcare LLC v. Nektar Therapeutics*, 2018 U.S. Dist. LEXIS 41193, ---WL---, at *35.

15

16

17

18

19

20

21

22

    **2.     Transfer Pursuant to 28 U.S.C. § 1404**

23

      If the case is not dismissed, Defendants ask in the alternative that that the Court transfer this case pursuant to 28 U.S.C. § 1404(a) to the District of Delaware, where there are currently three pending cases involving the same patents.

24

25

      Section 1404(a) expressly identifies the following considerations: "convenience of the parties," "convenience of . . . witnesses," and "the interest of justice." 28 U.S.C. § 1404(a). Although the statute identifies only these factors, courts deem "forum non conveniens considerations [to be]

26

27

28

---

helpful in deciding a § 1404 transfer motion." *Decker Coal Co. v. Commonwealth Edison Co*., 805 F.2d 834, 843 (9th Cir. 1986). District courts therefore consider the following factors to decide a transfer motion: (1) the plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy and (8) relative court congestion and time to trial in each forum. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000); *Barnes & Noble, Inc. v. LSI Corp*., 823 F. Supp. 2d 980, 993 (N.D. Cal. 2011). "This list is non-exclusive, and courts may consider other factors, or only those factors which are pertinent to the case at hand." *Martin v. Glob.Tel\*Link Corp*., 2015 U.S. Dist. LEXIS 59474, 2015 WL 2124379, at \*2 (N.D. Cal. May 6, 2015).

Putting aside Zoho's choice of forum, the convenience of the parties favors transfer.  Delay is a relevant consideration in assessing the convenience to the parties of transfer. *See Credit Acceptance Corp. v. Drivetime Automotive Grp., Inc.*, 2013 U.S. Dist. LEXIS 199138, 2013 WL 12124382, at \*2 (C.D. Cal. Aug. 5, 2013). ("[U]nreasonable delay caused by transfer will necessarily result in injury and inconvenience to the parties and therefore the court must consider the duration of the pendency of the litigation prior to the motion to transfer.")(citing *Moore v. Telfon Communications Corp*., 589 F.2d 959, 968 (9th Cir. 1978).  Here, all the cases are at the nascent stages. The Delaware cases are all before a single judge, the Hon. Maryellen Noreika, and  Zoho will not be hampered or delayed by joining the proceedings that are already being conducted there. Moreover, it will not be inconvenienced by having consistent rulings between it and its parent.

Regarding factor (3), the convenience of witnesses, here there is no indication that Zoho witnesses necessary for the infringement related issues would be inconvenienced.  The same witnesses would have to appear in Delaware in the parent case in any event, and it is believed that such witnesses are located in India.  For example, the www.zoho.com website is copyrighted by the Indian parent company, Zoho Corporation Pvt. Ltd., and states that its "development headquarters in Chennai, India where our game-changing apps are built."  https://www.zoho.com/aboutus.html. Retrieved February 24, 2019.  Its Wikipedia page describes it as "an Indian software development company" that is headquartered in Chennai, India.  https://en.wikipedia.org/wiki/Zoho_Corporation.

14

Retrieved February 24, 2019.  It lists its U.S. company headquarters as located in Pleasanton, California, but it is unclear exactly what activities take place there with regard to infringement and there is no indication that the necessary infringement witnesses are located there.  As Plaintiff seeks a declaration of non-infringement, it will presumably want its most knowledgeable infringement fact witnesses to testify.  Or it will seek the testimony of an expert witness for non-infringement, in which case the ultimate district that the trial takes place in will again not matter much.

Regarding factor (4), the ease of access to relevant infringement evidence in the case likewise will not greatly be affected by which district the case proceeds within as the relevant source code is likely located in Chennai but regardless would necessarily be made available electronically by computer under protective order.

With regard to factor (5), each forum is familiar with the applicable federal patent law, therefore this factor is neutral.   With regard to factor (6), it would be very feasible for a declaratory judgment action asking for a ruling of non-infringement of two patents brought by a subsidiary to be consolidated with an action for the infringement of those same two patents by the parent. With regard to (7), while there is of course a local interest in having a company in the forum be able to clear the air with regard to a patent controversy, that interest is met by affording plaintiff the right to proceed with its declaratory judgment action in Delaware.  Moreover, there is also a local interest in the efficient resolution of disputes.  *Lax v. Toyota Motor Corp.,* No. 14-cv-01490- WHO, 2014 WL 3973482 at *6 (N.D. Cal. Aug. 14, 2014).  Plaintiff's dispute can be efficiently resolved in Delaware by the same court as will be hearing other cases involving the same patents including the case against the parent company. With regard to factor (8), the time to trial for a patent case in Delaware the median time to jury trial is about 2 years and 8 months whereas in this district it is 2 years and 4.4 months, as determined by Docket Navigator.  See Declaration of Sandeep Seth.  But this small difference in time does not prejudice Plaintiff, particularly given all other efficiencies. "Administrative considerations such as docket congestion are given little weight in assessing the propriety of a Section 1404(a) transfer."  *Am. GNC Corp. v. GoPro, Inc.*, 2018 U.S. Dist. LEXIS 192256, at *61-62 (S.D. Cal. Nov. 6, 2018) (finding six-month difference in time to trial "is not significant" and resulted in this factor being "neutral").

15

DEF'S NOTICE OF MOTION & MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, TO TRANSFER ACTION; SUPPORTING MEMORANDUM OF POINTS & AUTHORITIES

"Finally, the Court addresses any other considerations raised by the parties under the interests of justice factor, a "catchall factor, which includes considerations of judicial economy and any other concerns that weigh on the decision to transfer." *Am. GNC Corp.*, 2018 U.S. Dist. LEXIS 192256, at *62.  "The interest of justice factor test focuses primarily on the judicial system's interest in the efficient and speedy resolution of litigation disputes.  *Credit Acceptance Corp. v. Drivetime Automotive Grp., Inc.*, 2013 U.S. Dist. LEXIS 199138, 2013 WL 12124382, at *4 (C.D. Cal. Aug. 5,2013).  Judicial efficiency includes "trying related litigation together." *Avritt v. Reliastar Life Ins. Co.*, 2007 U.S. Dist. LEXIS 14084, 2007 WL 666606, at *3 (W.D. Wash. Feb. 27, 2007). "Consideration of the interest of justice, which includes judicial economy, may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result." *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997).  Taken together, the interest of justice including judicial economy favor the transfer of this case to the District of Delaware for consolidation with the *Sentius v. Zoho Corporation Pvt., Ltd* patent infringement action pending there involving the same patents-in-suit and where two other cases are currently pending.

## IV.    CONCLUSION

In light of the above, Sentius respectfully requests that its Motion to Dismiss the Complaint for lack of personal jurisdiction be granted. In the alternative, Sentius requests that this case be transferred to the District of Delaware.

Dated:  March 4, 2019                              Respectfully submitted,


                                                   SETH LAW OFFICES


                                                   By ____/s/ Sandeep Seth_____
                                                        SANDEEP SETH

                                                   Attorneys for Defendant
                                                   SENTIUS INTERNATIONAL, LLC

16

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 4, 2019 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civ. L.R. 5-1(h)(1). Any other counsel of record will be served by U.S. Mail or hand delivery.

By    /s/ Sandeep Seth
SANDEEP SETH

DEF'S NOTICE OF MOTION & MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, TO TRANSFER ACTION; SUPPORTING MEMORANDUM OF POINTS & AUTHORITIES