RYAN J. MARTON (223979)
ryan@martonribera.com
CAROLYN CHANG (217933)
carolyn@martonribera.com
HECTOR J. RIBERA (221511)
hector@martonribera.com
MARTON RIBERA SCHUMANN & CHANG LLP
548 Market Street, Suite 36117
San Francisco, CA 94104
Tel.: (415) 360-2511

*Attorneys for Zoho Corporation*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOHO CORPORATION<br><br>　　　　Plaintiff,<br><br>v.<br><br>SENTIUS INTERNATIONAL, LLC<br><br>　　　　Defendant. | Case No: 3:19-cv-00001-YGR<br><br>**PLAINTIFF ZOHO CORPORATION'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER**<br><br>**HEARING DATE:**　April 16, 2019<br>**TIME:**　　　　　2:00 PM<br>**COURTROOM:**　1, 4th Floor |

Plaintiff Zoho Corporation ("Zoho") hereby submits its: (1) Response to Defendant Sentius International, LLC's ("Sentius") Motion to Dismiss for an alleged lack of personal jurisdiction; and (2) Opposition to Sentius' alternative Motion to Transfer this case pursuant 28 U.S.C. § 1631 or 28 U.S.C. § 1404 to the District of Delaware.

## I. SENTIUS' MOTION TO DISMISS IS MOOT

In its Motion to Dismiss, Sentius argued that Zoho's declaratory judgment Complaint (Dkt. 1) seeking a judgment of non-infringement of two patents (U.S. Patent Nos. 7,672,985 ("'985 patent") and RE43,633 ("'633 patent") (collectively "the patents-in-suit")), did not include sufficient allegations to support personal jurisdiction over it. *See* Dkt. 13, p. 6-12.  Sentius argued that Zoho's allegations of Sentius' efforts to enforce the patents-in-suit in the District including sending letters to residents in the District and engaging in a multi-year long litigation in the Northern District of California wherein it asserted the patent-in-suit did not create a *prima facie* basis for finding minimum contacts with this forum.  Without admitting any such amendment is required to support a *prima facie* basis for personal jurisdiction, Zoho filed a First Amended Complaint (Dkt. 14) pursuant to Fed. R. Civ. P. 15(a)(1)(B).  In its First Amended Complaint Zoho alleged additional details regarding Sentius' enforcement efforts in this District.  The filing of Zoho's First Amended Complaint renders Sentius' motion to dismiss for lack of personal jurisdiction moot in all respects and on that basis alone that motion should be denied. *Paland v. Brooktrails Twp. C.S.D.*, No. C 14-0631 RS, 2014 WL 4058323, at *1 (N.D. Cal. Aug. 15, 2014) ("[Plaintiff's] filing of the amended complaint served to moot the original motion to dismiss, and it is hereby denied on that basis.").

## II. SENTIUS' MOTION TO TRANSFER SHOULD BE DENIED

With its Motion to Dismiss, Sentius also argued, in the alternative to dismissal, that this case should be transferred to the District of Delaware pursuant to 28 U.S.C. § 1631 or 28 U.S.C. § 1404. Neither ground for transfer is appropriate.

### A. 28 U.S.C. § 1631 is Inapplicable

Transfer pursuant to 28 U.S.C. § 1631 must be denied because there has not been a finding of lack of jurisdiction by this Court. *Republic of Kazakhstan v. Ketebaev,* 2018 WL 2763308, at *18 (N.D. Cal. June 8, 2018) ("Transfer is appropriate under § 1631 [only if] … the transferring court lacks jurisdiction…."). Given that Sentius' motion for lack of personal jurisdiction has been mooted by Zoho's filing of the First Amended Complaint, there has not been a finding of lack of jurisdiction and transfer pursuant to § 1631 here is inappropriate.

### B.   Transfer is Not Justified Under 28 U.S.C. § 1404

The Northern District of California is unquestionably the most appropriate and convenient forum for this case. Zoho is headquartered in the Northern District; it is incorporated in this state and runs all of its relevant operations in this forum. *See* Declaration of Raj Sabhlok In Support of Zoho's Opposition to Motion to Transfer ("Sabhlok Decl.") ¶¶ 2-8. Zoho's relevant witnesses and documents are in this forum. *Id* at ¶¶6-7. And, though Sentius purportedly no-longer has facilities in this forum, three of the four non-party inventors on the patents-in-suit reside in this forum. *See* Declaration of Ryan J. Marton In Support of Zoho's Opposition to Sentius' Motion to Transfer ("Marton Decl.") ¶ 2 (attaching LinkedIn profiles for the '633 patent inventors: Mark Bookman (Tokyo, Japan), Brian Yamanaka (San Francisco, Bay Area) and '985 inventors: Mark Bookman, David Kurtz (San Francisco, Bay Area), Niket Patwardhan (Sacramento)). In addition, this forum has significant experience with the patents-in-suit. Sentius asserted both patents-in-suit against Microsoft in this District. *Id*. at ¶ 3. In that case Sentius litigated the patents through claim construction, infringement and invalidity summary judgment motions and up to the eve of trial. *Id*.

By contrast, Delaware is remarkably disconnected from this suit. Neither Sentius nor Zoho has any presence in Delaware and there are no witnesses, documents or other evidence there. Indeed, Sentius does not even contend that it would be more convenient to litigate this case in Delaware as it is required to do to justify transfer. *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir.1986) ("the defendant must make a strong showing of inconvenience to warrant

upsetting the plaintiff's choice of forum."). Instead, Sentius asserts only one basis for transfer: judicial efficiency in light of three other cases pending in Delaware involving one or more of the patents-in-suit. But two of those cases (one against LG and one against HTC) involve only one of the asserted patents (the '633 patent) and involve different accused technology (smartphone devices wherein software alone is at issue in the instant suit). Marton Decl. ¶¶ 4-5. And the third case, the one against Zoho's overseas parent, Zoho Corporation Private Limited, is a sham filed by Sentius just days before it filed its motion to transfer in effort to make an end-run around the traditional transfer analysis. Marton Decl. ¶ 6. In a tautological strategy, six days before filing its motion to transfer Sentius filed a suit in Delaware that mirrors the substance of instant case and then argued transfer is needed to cure the inefficiency created by Sentius' new suit. *Id*. In substance, Sentius contends transfer is needed to cure an inefficiency of its own making. But Sentius' strategy is forbidden by the Federal Judiciary's preclusion of duplicative concurrent actions. In the interest of promoting comity among the courts, wise expenditure of judicial resources, consistency of results and fairness federal courts follow the "first-to file" rule in patent cases. *Merial Ltd. v. Cipla Ltd.,* 681 F.3d 1283, 1299 (Fed.Cir.2012); *see also Genentech, Inc. v. Eli Lilly and Co.,* 998 F.2d 931, 937 (Fed.Cir.1993). The Supreme Court first described the doctrine in 1824, stating, "[i]n all cases of concurrent jurisdiction, the Court which first has possession of the substance must decide it." *Smith v. McIver,* 22 U.S. 532, 535 (1824). Here, the later filed Delaware case mirrors the substance of the first filed instant action. The exact same patents and exact same accused technology exist in both cases. In both cases, the issue to be litigated is whether Zoho's Docs, Mail and Recruit products infringe the '633 patent and/or the '985 patent. Marton Decl. ¶ 6. For this reason, the United States District Court of Delaware will dismiss the later filed action against Zoho's overseas parent. *Shire U.S., Inc. v. Johnson Matthey, Inc.,* 543 F. Supp. 2d 404, 409 (E.D. Pa. 2008) ("[D]istrict courts deciding patent actions in this Circuit repeatedly have stated that the rule hinges on which court first takes possession of the subject of the dispute, and not necessarily the parties to it. The 'subject matter' requirement of

the first-to-file rule is satisfied in patent infringement matters where the actions in question involve the same patent and the same allegedly infringing product, though not necessarily the same parties."); *Time Warner Cable, Inc. v. GPNE Corp.*, 497 F. Supp. 2d 584, 589 (D. Del. 2007) (holding that the first to file rule hinges on overlap in subject, not identity of parties); *Schering Corp. v. Amgen Inc.*, 969 F. Supp. 258, 267 (D. Del. 1997) (same); *see also Genentech, Inc. v. Eli Lilly & Co.,* 998 F.2d 931, 938 (Fed. Cir. 1993) ("The considerations affecting transfer to or dismissal in favor of another forum do not change simply because the first-filed action is a declaratory action. When the declaratory action can resolve the various legal relations in dispute and afford relief from the controversy that gave rise to the proceeding, and absent sound reason for a change of forum, a first-filed declaratory action is entitled to precedence as against a later-filed patent infringement action.").

While there are exceptions to the first-to-file rule, none apply here.  The rule favoring the forum of the first-filed case should be applied "absent special circumstances" such as a compelling showing that would "make it unjust or inefficient to continue the first-filed action." *Ivoclar Vivadent AG v. 3M Co.*, 2012 WL 2374657, at *3 (D. Del. June 22, 2012).  Evaluation of whether "special circumstances" exist such that the first-to-file rule should not apply "mirrors the analysis performed by district courts in determining whether to transfer venue" under § 1404. *Id*.  As explained below all § 1404 factors favor California over Delaware.

**1.      Not a Single 28 U.S.C. § 1404 Factor Supports Transfer**

Courts routinely consider the following factors in the § 1404 analysis: "(1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum." *Finjan, Inc. v. Sophos Inc.*, 2014 WL 82854490, at *2 (N.D. Cal. June 20, 2014).

"The burden is on the party seeking transfer to show that when these factors are applied, the balance of convenience clearly favors transfer." *Id.* at *3. "Courts must treat transfers for convenience as an exceptional tool to be employed sparingly." *InCorp Servs., Inc. v. Incsmart.Biz Inc.*, 2012 WL 3685994, at *13 (N.D. Cal. Aug. 24, 2012). Here, the factors strongly favor keeping the case in California.

<u>Plaintiffs' Choice Of Forum</u>: Zoho's choice of forum favors remaining in California, where Zoho's headquarters are. Indeed, "a plaintiff's choice of forum is entitled to greater deference when the plaintiff has chosen the home forum." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981) (citation omitted). One of the primary guiding principles in the § 1404 analysis is that the defendant "bears a heavy burden of proof to justify the necessity of transfer" because the "plaintiff's choice of forum should not be easily overturned." *STX, Inc. v. Trik Stik, Inc.*, 708 F. Supp. 1551, 1556 (N.D. Cal. 1988). Sentius knows this and does not even contest that this factor strongly favors keeping the case in California.

<u>The Convenience of the Parties</u>: The convenience of the parties also strongly favors California. *See, e.g.*, *Finjan*, 2014 WL 2854490, at *5 (finding that because the parties had local "offices related to the accused activity, and these factors are totally absent in Delaware, the convenience of the parties weighs against transfer."); *see also*, *Acer, Inc. v. Tech. Props. Ltd.*, 2008 WL 4661603, at *3 (N.D. Cal. Oct. 21, 2008) (where "[t]hree of the four TPL entities are headquartered or have offices in this district," the "convenience factors weigh heavily in favor of retaining the case in this Court."); *and Trend Micro Inc. v. RPost Holdings, Inc.*, 2014 WL 1365491, at *10 (N.D. Cal. Apr. 7, 2014) (where "hundreds of [plaintiff's] employees and potential witnesses live or work in this District" and defendants had "no full-time employees" in the proposed transferee forum, "the convenience of the parties and witnesses weighs heavily against transfer."). Here, Zoho and three of the four inventors of the asserted are located in the Northern District of California. No witnesses are located in Delaware. And Sentius does not argue that it would be more convenient for

it or its Menlo Park counsel (or anyone else) to litigate in Delaware. Instead, it merely argues that a transfer would not cause delay in the progress of this case. But absence of delay does not make the transferee forum more convenient justifying departure from the plaintiff's choice of forum. Thus, it is not controverted that this factor strongly favors California.

The Convenience of The Witnesses: The convenience of the witnesses strongly favors California over Delaware. *See also, e.g.*, *Finjan*, 2014 WL 2854490, at *5 (where at least one of the third-party inventors "live[d] in Washington State, closer to California" than Delaware, and "[n]either party has identified any relevant witnesses in Delaware," ultimately finding that the "convenience of the witnesses" factor weighed against transfer); *Trend Micro*, 2014 WL 1365491, at *10 (same). Here, Zoho's witnesses are located in District as are three of the four inventors on the patents-in-suit. No known party or non-party witnesses are located in Delaware. Indeed, Sentius does not argue that any witnesses are in Delaware. Instead, it argues that it would not be inconvenient for Zoho witnesses to have to travel to Delaware for this case because according to Sentius, Zoho witnesses will have to travel to Delaware for the case against Zoho's parent. Aside from the fact that this is not an argument that it would be more convenient to litigate in Delaware (as would be required to transfer), this argument fails because, as explained above, the Delaware case will be dismissed per the first-to-file rule.

Ease of Access to Records: The ease of access to records favors denying transfer and remaining in California. "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (quotation omitted). In addition to Zoho's documents being in this District, Zoho expects significant documents from the named inventors – the majority of whom reside in this District. By contrast, no relevant documents are located in Delaware. Sentius does not even contend that transfer would improve ease of access to records. Thus, this factors weighs against transfer. *See Trend*

Defendants' Opposition to Motion to Dismiss and Motion to Transfer                                              6
Case No. 3:19-cv-00001-YGR

*Micro*, 2014 WL 1365491, at *10 (finding that "the ease of access to evidence weighs against transfer" where defendants failed to point to any relevant evidence in the proposed transferee forum while "[m]ost of [plaintiff]'s evidence, including its technical documentation, [was] located in this District").

<u>The Court's Familiarity with the Applicable Law</u>:  The Court's familiarity with the applicable law does not favor transfer.  This factor weighs against transfer because, unlike the District of Delaware, this District has established a comprehensive set of Local Patent Rules, which facilitate management and disclosures in patent cases.  Sentius, again, does not contend that this factor favors transfer.  Instead it merely asserts without any argument or support that this factor is neutral.

<u>The Local Interest in the Controversy</u>:  The local interest factor weighs in favor of the Northern District of California.  Zoho is a local company with its headquarters in this District.  Thus, the local interest in resolving an infringement dispute involving a local company favors the Northern District of California.  *Trend Micro*, 2014 WL 1365491, at *10 ("[G]iven Trend Micro's substantial presence in this District, there is a local interest in adjudicating its claims in this District.").  Sentius makes no argument to the contrary.

<u>Court Congestion</u>:  The court congestion factor favors the Northern District of California.  Eight hundred eighty-seven new patents cases were file in the District of Delaware last year.  Marton Decl. ¶ 7.  It is by far the busiest patent docket in the United States.  *Id*.  With only four Article III Judges and three Magistrate Judges, the District of Delaware is the busiest and most congested patent litigation docket in the country.  By contrast, the Northern District of California, with thirty-one judges (Magistrate and Article III Judges), had three hundred thirty-four new patent cases filed in it last year.  *Id*.  This makes Delaware's average patent litigation docket busier than California's by a factor of more than ten.  And, as Sentius has acknowledged the time to trial in the Northern District of California is faster than it is in Delaware.  Dkt. No. 13 at p. 15.

<u>Interests of Justice/Judicial Efficiency</u>: Given the prior litigation between Microsoft and Sentius wherein the two patents at issue in the current suit were litigated through claim construction and summary judgment, the Northern District of California is the most efficient forum for this case. This District has far more experience with the patents-in-suit than the District of Delaware. Thus, this factor, like every factor, weighs against transfer.

As explained above, Sentius' only argument in favor or transfer (other than to assert that transfer would not be inconvenient (which is not the test for transfer)) is that judicial efficiency could be achieved by consolidating this action with the Delaware suit Sentius recently filed against Zoho's overseas parent. But as explained above, Sentius' position ignores the first-to-file rule.

### 2. The Balance of The Transfer And Judicial Efficiency Factors Favor Keeping The Cases In California.

The balance of the convenience and judicial efficiency factors strongly favors keeping this case in the Northern District of California. All the convenience factors and judicial efficiency factors favor keeping these cases in California. In short, there is no factor that supports transferring a case filed by Corporation headquartered in this district where all known evidence exists. Accordingly, Sentius cannot meet its heavy burden of showing that "the balance of convenience clearly favors transfer." *Finjan*, 2014 WL 2854490, at *3.

### III. CONCLUSION

For the forgoing reasons Sentius' motion should be denied in its entirety.

Dated: March 18, 2019                    Respectfully submitted,

                                              MARTON RIBERA SCHUMANN & CHANG LLP

                                              By:     /s/ *Ryan J. Marton*
                                                    Ryan J. Marton

                                              RYAN J. MARTON (SBN 223979)
                                              ryan@martonribera.com
                                              MARTON RIBERA SCHUMANN & CHANG LLP
                                              548 Market Street, Suite 36117
                                              San Francisco, CA 94104
                                              Telephone:  (415) 360-2515