RYAN J. MARTON (223979)
ryan@martonribera.com
CAROLYN CHANG (217933)
carolyn@martonribera.com
HECTOR J. RIBERA (221511)
hector@martonribera.com
**MARTON RIBERA SCHUMANN & CHANG LLP**
548 Market Street, Suite 36117
San Francisco, CA 94104
Tel.: (415) 360-2511

*Attorneys for Plaintiff Zoho Corporation*

SANDEEP SETH (SBN 195914)
ss@sethlaw.com
SETH LAW OFFICES
Two Allen Center
1200 Smith Street, Suite 1600
Houston, Texas 77002
Telephone No.: 713-244-5017
Facsimile No.: 713-244-5018

Attorneys for Defendant
SENTIUS INTERNATIONAL, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| ZOHO CORPORATION<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SENTIUS INTERNATIONAL, LLC<br><br>　　　　　Defendant. | Case No: 4:19-cv-000001-YGR<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

　　　　The parties to the above action jointly submit this JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER pursuant to the Standing Order for All Judges of the Northern District of California dated November 1, 2018 and Civil Local Rule 16-9:

### 1. Jurisdiction and Service

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this is a patent noninfringement case and the claims in this case arise under the laws of the United States. Defendant Sentius International, LLC ("Sentius") filed a motion to dismiss under F.R.Civ.P. 12(b)(2) asserting that the Court lacked personal jurisdiction over Zoho's declaratory judgment Complaint (Dkt. 1) seeking a judgment of non-infringement of two patents (U.S. Patent Nos. 7,672,985 ("'985 patent") and RE43,633 ("'633 patent") (collectively "the patents-in-suit")). Dkt. 13. In its motion, Sentius provided the Declaration of its Chief Executive Officer, Marc Bookman, asserting facts upon which Sentius based its motion. Along with its Opposition, Zoho filed an Amended Complaint including additional allegations regarding Sentius' patent enforcement campaign in this District. In its Opposition to Sentius' Motion to Dismiss, Zoho contended that its Amended Complaint moots the motion to dismiss and argued that transfer is not justified. Dkt. 15. Sentius filed its Reply to Zoho's Opposition, asserting that the First Amended Complaint incorporated facts based upon and not materially different from the facts contained in the Bookman declaration, and that the filing of the First Amended Complaint did not moot the motion to dismiss. Dkt. 17. Zoho disagrees with this position and contends that Sentius' Motion to Dismiss is now moot. At present, the parties have agreed to hold over any response to the First Amended Complaint until the Case Management Conference set for April 8, 2019 to get the Court's advice whether the Court deems a new motion to dismiss will be necessary.

The parties' respective positions regarding this issue are below.

**Zoho's Position**

Zoho's Amended Complaint (Dkt. 14) moots Sentius' Motion to Dismiss for Lack of Personal Jurisdiction. In its Motion to Dismiss Sentius argued that the allegations for personal jurisdiction contained in the original Complaint were insufficient to establish a *prima face* case for personal jurisdiction. Dkt. 13, pp.7-12. Zoho filed its Amended Complaint, as a matter of right pursuant Federal Rule of Civil Procedure 15(a)(1)(B). Zoho's Amended Complaint includes additional factual allegations to support personal jurisdiction, including allegations regarding Sentius having an agent in the District working in its behalf in support of its effort to enforce the patents-in-suit in this District.

Dkt. 14 ¶¶7-10.  The Amended Complaint also includes allegations that Sentius representatives traveled to this District to enforce the patents-in-suit.  It also contains allegations regarding the extent of enforcement activities Sentius has engaged in this forum.  Sentius' motion to dismiss does not address these or any of the new allegations contained in the Amended Complaint.  As such, Sentius' Motion to Dismiss for lack of personal jurisdiction is moot.   Indeed, the Ninth Circuit has held that "[i]t is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent."  *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  And, in turn, it has held that when a motion to dismiss is directed to a superseded complaint, that motion should be deemed moot.  *Id*.  Here, Sentius' Motion to Dismiss is directed at Zoho's original complaint, which is now non-existent.   If Sentius wants to file another motion to dismiss, it was free to do so in response to the Amended Complaint.

Moreover, it is beyond dispute that personal jurisdiction exists here.  Sentius' nearly decade long patent enforcement campaign has more than a tenuous relationship to this forum.  It has sent licensing letters to at least 34 companies in the forum. It has licensed the patents in suit to at least one resident.  It has engaged counsel in this forum to represent it in negotiations with potential licensees in this forum.  And, critically it has availed itself of this forum by filing suit here asserting the patents-in-suit against Microsoft resulting in a three year litigation resolving just before trial.  Unquestionably, these enforcement activities constitute "mimimum contacts" that arise of or relate to enforcement of the patents.  Indeed, Federal courts have found that defendant's prior actions enforcing the same patents at issue constitute minimum contacts in the declaratory judgment context. *See Kyocera Commc'ns, Inc. v. Potter Voice Tech., LLC*, 2013 WL 2456032, at *3 (S.D. Cal. June 5, 2013) (finding personal jurisdiction over a non-resident defendant because plaintiff's declaratory judgment action arises out of or relates to defendant's activities in the forum enforcing the very same patent at issue); *Pro Sports Inc. v. West*, 639 F. Supp. 2d 475, 482 (D.N.J. 2009) (same); *ActiveVideo Networks, Inc. v. Trans Video Elecs., Ltd*., 975 F. Supp. 2d 1083, 1097 (N.D. Cal. 2013) (finding that defendant's earlier patent infringement actions involving the same and related patents gave rise to the later declaratory judgement action and were a basis for personal jurisdiction in the later suit).  While Sentius asserts in a conclusory fashion that its prior litigation is not relevant to minimum contacts, it

does not proffer what exactly could be more materially related than two suits involving the same patent and enforcement thereof.  Moreover, Sentius completely ignores the more recent Federal Circuit decision that held sending demand letters alone can be sufficient to confer personal jurisdiction in the patent non-infringement declaratory judgment context.  *Jack Henry & Associates*, 910 F.3d 1199, 1204 (Fed. Cir. 2018).  Here, we have much more than merely sending letters.  Sentius has litigated in the district and has had agents in and visit the district to enforce its patents.  This certainly is sufficient to establish a prima face basis for personal jurisdiction. *Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*, 848 F.3d 1346, 1357 (Fed. Cir. 2017) (finding personal jurisdiction where the defendant had sent demand letters and had agents visit the district in the course of its enforcement efforts).  Finally, to the extent, there is any question about the propriety of personal jurisdiction here, Zoho request an opportunity to take some limited jurisdictional discovery.

**Sentius' Position**

Sentius' position is that its 12(b)(2) motion sought to dismiss (or in the alternative transfer) the Zoho declaratory judgment action for lack of personal jurisdiction and did not merely address the factual allegations contained in the Original Complaint.  Rather, the 12(b)(2) motion affirmatively put personal jurisdictional facts into the record via the Declaration of Marc Bookman, that Sentius argued demonstrate that the exercise of personal jurisdiction in this declaratory judgment action would not be reasonable.  Furthermore, in its Reply to Zoho's Opposition, Sentius argued that the new allegations in the First Amended Complaint were based upon the facts provided by Sentius via the Declaration of Marc Bookman that did not substantively alter the factual record and renewed its request that the Court dismiss this action for lack of personal jurisdiction or, in the alternative, transfer this action to the District Court of Delaware for consolidation with the other three (3) pending matters. Dkt. 17.  Because the briefing regarding the motion to dismiss under 12(b)(2) went well beyond the allegations in the complaint, and because the First Amended Complaint was based upon the facts presented by Sentius, its motion to dismiss for lack of personal jurisdiction was not mooted by the First Amended Complaint.  Indeed, conceding that the matter has gone beyond mere allegations, now Zoho requests personal jurisdictional discovery.  Moreover, the motion was not

mooted because it also included a request for relief based upon transfer, for which Zoho entered its own declaration.

2. **Facts**

In late 2015 Sentius sent correspondence to Zoho asserting that certain Zoho products infringe the '633 patent. Zoho responded in early 2016 explaining that its product did not infringe the '633 patent. Sentius replied explaining why it did not accept Zoho's basis for non-infringement.

In August 2018 Sentius again contacted Zoho asserting that the spell check feature in three of Zoho's products (Zoho Mail, Zoho Docs and Zoho Recruit) (collectively "accused Zoho products") infringe the '633 patent and, in addition, it contended that Zoho infringed the '985 patent. Sentius requested that Zoho enter a tolling agreement and discuss taking a license to these patents. Zoho originally agreed in principle to entering the tolling agreement, and then filed this suit seeking a Declaratory Judgment establishing that its products do not infringe either of the patents-in-suit.

**Joint Statement of Issues in Dispute:**

The principal factual dispute is whether Zoho's accused products infringe either of the patents-in-suit.

3. **Legal Issues**

Subject to and without waiving their respective positions and arguments, the parties assert that the overarching disputed points of law include, but are not limited to, the following:

- the proper construction of any disputed claim terms;
- whether Zoho infringes any of the asserted claims of the patents-in-suit and, if so, what damages are due.

These issues are not intended to be final or exhaustive and are intended to highlight the overarching issues in the case.

4. **Motions**

Sentius has filed a motion to dismiss or in the alternative a motion to transfer. All briefing for that motion has been filed and a hearing is scheduled for April 16, 2019.

Zoho intends to file a motion for summary judgment of non-infringement.

5. **Amendment of Pleadings**

At this time the parties do not anticipate amending the pleadings. The parties propose June 24, 2019, as the deadline for amending pleadings.

**6.     Evidence Preservation**

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues in this action.

As a general matter, the parties have undertaken steps, within reasonable bounds, to preserve documents and ESI potentially relevant to this case. The parties have discussed and will continue to discuss the scope and nature of discovery in this case.

**7.     Disclosures**

The parties will exchange their respective Rule 26(a)(1) disclosures on May 10, 2019.

**8.     Discovery**

The parties submit the following discovery plan.

    **a.     Discovery Limitations**

Email Production

The parties do not currently anticipate email production. However, the parties reserve the right to request email production and will meet and confer in good faith prior to any such production regarding such production (including appropriate limits on custodians and search terms).

Other Limits on Discovery

The parties agree to the limits set forth in the Federal Rules of Civil Procedure.

    **b.     Topics Required Under Patent Local Rule 2-1**

*1.   Proposed modification of the obligations or deadlines set forth in these Patent Local Rules to ensure that they are suitable for the circumstances of the particular case (see Patent L.R. 1-3).*

The parties have set forth a proposal concerning the timing of the required P.L.R. disclosures as set forth in Section 16 ("Scheduling").

2.   *The scope and timing of any claim construction discovery (including disclosure of and discovery from any expert witness permitted by the Court) and damages discovery.*

The parties' proposal concerning the timing of claim construction and damages discovery are set forth below in Section 16 ("Scheduling").

3.   *The format of the Claim Construction Hearing, including whether the Court will hear live testimony, the order of presentation, and the estimated length of the hearing.*

The parties do not currently believe that live testimony will be necessary. Nevertheless, the case is in a preliminary stage, and the parties reserve the right to offer live testimony at the claim construction hearing. In addition, the parties believe that the Claim Construction Hearing should be conducted on a claim-term-by-claim-term basis, with the Plaintiff presenting first. The parties are presently unsure of the length of the Markman hearing.

4.   *How the Parties intend to educate the Court on the technology at issue.*

Should education as to the relevant technology be needed in this case, the parties intend to present an overview of the technology during the Claim Construction Hearing. The parties may, however, request a separate technology tutorial in accordance with the Court's standing order.

    **c.**  **Other Orders Under Fed. R. Civ. P. 26(c) and 16(b)**

The parties each request that a scheduling order issue setting the dates they propose below.

**9.**  **Class Actions**

This is not a class action.

**10.**  **Related Cases**

After this case was filed, Sentius filed a suit in Delaware against Zoho's overseas parent corporation, Zoho Corporation Private Limited. The Complaint in that case has not been served.

**11.**  **Relief**

Zoho requests that the court enter judgment as follows: a declaration that the accused Zoho products do not infringe any claim of the patents-in-suit and awarding of costs and expenses to Zoho.

**12.**  **Settlement and ADR**

Zoho does not believe ADR would be useful. Zoho does not settle meritless suit and will not settle this one. Sentius is agreeable to ADR and suggests that the matter be assigned to a Magistrate

Judge for a Settlement Conference following the exchange of Infringement and Invalidity Contentions.

13. **Consent to Magistrate Judge for All Purposes**

The parties do not consent to having a Magistrate Judge conduct all further proceedings including trial and entry of judgement.

14. **Other References**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing Issues**

This case may be able to be resolved on summary judgment of non-infringement. Sentius believes that triable issues of fact exist on infringement.

16. **Scheduling**

Assuming that this case is neither dismissed nor transferred and assuming Sentius asserts infringement and Zoho responds with a defense of invalidity, the parties propose the following schedule:

| Event | Proposed Date |
|---|---|
| Case Management Conference | April 8, 2019 |
| Hearing on Sentius' Motion to Dismiss | April 16, 2019 |
| Initial Disclosures | May 21, 2019 |
| Patent L.R. 3-1 and 3-2: Infringement Contention and Related Document Disclosure | July 3, 2019 |
| Patent L.R. 3-3 and 3-4: Invalidity Contentions and Related Document Disclosure (assuming | September 16, 2019 |
| Patent L.R. 4-1: Exchange of Proposed Terms for Construction | October 25, 2019 |
| Patent L.R. 4-2: Exchange of Preliminary Claim Constructions and Extrinsic Evidence | November 15, 2019 |
| Patent L.R. 3-8: Damage Contentions | November 29, 2019 |

| | |
|---|---|
| Patent L.R. 4-3: Joint Claim Construction and Prehearing Statement | December 13, 2019 |
| Patent L.R. 3-9: Responsive Damages Contentions | January 10, 2020 |
| Patent L.R. 4-4: Completion of Claim Construction Discovery | January 10, 2020 |
| Patent L.R. 4-5(a): Opening Claim Construction Brief | January 31, 2020 |
| Patent L.R. 4-5(b): Responsive Claim Construction Brief | February 14, 2020 |
| Patent L.R. 4-5(c): Reply Claim Construction Brief | February 28, 2020 |
| Patent L.R. 4-6: Claim Construction Hearing and Tutorial | Court's Convenience |
| Patent L.R. 3-7: Advice of Counsel | 30 days after the Court's Claim Construction Ruling |
| Close of Fact Discovery | July 31, 2020 |
| Expert Disclosure (Initial) | July 31, 2020 |
| Expert Disclosure (Rebuttal) | August 28, 2020 |
| Close of Expert Discovery | September 25, 2020 |
| Last Day to File Daubert and Summary Judgment Motions | October 30, 2020 |
| Serve Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List) | TBD |
| Serve Objections to Pretrial Disclosures | TBD |
| Last Day to Serve Motions in Limine | TBD |
| Last Day to Serve Responses to Motions In Limine | TBD |
| Last Day to "Pretrial Filings" (Joint Pretrial Statement, Trial Briefs, Compiled Briefing on Motions In Limine, Proposed Jury Instructions, Proposed Verdict Form, Proposed Voir Dire Questions, Witness List, and Exhibit List) | TBD |
| Final Pretrial Conference | TBD |
| Trial | TBD |

**17.     Trial**

Zoho requested a trial by jury on all matters that can be so tried, and the parties anticipate a trial will require approximately five court days.

**18.   Disclosure of Non-Party Interested Entities or Persons**

The parties have each filed the Certification of Interested Entities or Person required by Civil Local Rule 3-15 and the Corporate Disclosure Statement Required by Federal Rule of Civil Procedure.

**Professional Conduct**

All the attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.   Other**

Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the parties consent to service by email, and agree that the parties will treat service by email as being the same as service by hand under Fed. R. Civ. P. 5(b)(2)(A).

Dated: April 1, 2019                    Respectfully submitted,

By:   /s/ *Ryan J. Marton*
         Ryan J. Marton

RYAN J. MARTON (SBN 223979)
ryan@martonribera.com
MARTON RIBERA SCHUMANN & CHANG LLP
548 Market Street, Suite 36117
San Francisco, CA 94104
Telephone:  (415) 360-2515

Dated:  April 1, 2019                   By:   /s/ *Sandeep Seth*
         Sandeep Seth

SANDEEP SETH (SBN 195914)
ss@sethlaw.com
SETH LAW OFFICES
Two Allen Center
1200 Smith Street, Suite 1600
Houston, Texas 77002
Telephone No.: 713-244-5017
Facsimile No.:  713-244-5018

# CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED

Dated: _____

_____
UNITED STATES DISTRICT JUDGE