RYAN J. MARTON (223979)
ryan@martonribera.com
CAROLYN CHANG (217933)
carolyn@martonribera.com
HECTOR J. RIBERA (221511)
hector@martonribera.com
MARTON RIBERA SCHUMANN & CHANG LLP
548 Market Street, Suite 36117
San Francisco, CA 94104
Tel.: (415) 360-2511

*Attorneys for Zoho Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOHO CORPORATION<br><br>                Plaintiff,<br><br>v.<br><br>SENTIUS INTERNATIONAL, LLC<br><br>                Defendant. | Case No: 4:19-cv-00001-YGR<br><br>**PLAINTIFF ZOHO CORPORATION'S ADMINISTRATIVE MOTION TO FILE A SUR-REPLY IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS** |

Pursuant to Civ. L.R. 7-3(d) and 7-11 Zoho Corporation ("Zoho") hereby requests leave to file a sur-reply in response to Sentius International, LLC's ("Sentius") Reply In Support of its Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 17) (hereinafter "Reply"). The requested supplemental briefing is needed to correct mischaracterizations of fact and law made by Sentius in its Reply.

**I.      BACKGROUND**

On January 1, 2019, Zoho initiated this lawsuit, in its home forum, seeking a declaratory judgment of non-infringement of two of Sentius' patents (U.S. Patent Nos. 7,672,985 ("'985 patent") and RE43,633 ("'633 patent") (collectively "the patents-in-suit")). *See* Dkt. 1. In response to the

Complaint, Sentius International, LLC ("Sentius") filed a motion to dismiss under Fed. R. Civ. P. 12(b)(2) asserting that the Court lacked personal jurisdiction. *See* Dkt. 13. Sentius argued that the allegations in Zoho's Complaint were insufficient to establish minimum contacts to support a finding of specific jurisdiction. *See* Dkt. 13, p. 7. With its Motion to Dismiss, Sentius also argued, in the alternative to dismissal, that this case should be transferred to the District of Delaware pursuant to 28 U.S.C. § 1631 or 28 U.S.C. § 1404.

In response to Sentius' motion, Zoho filed an Amended Complaint that included additional allegations regarding personal jurisdiction. Dkt. 14, ¶¶ 7-10. Zoho also filed a separate response to Sentius' Motion explaining that the Amended Complaint rendered the motion to dismiss moot and explaining that the Motion to Transfer should be denied. Dkt. 15.

On March 25, 2019, Sentius filed its Reply which included several misstatements of fact law.

## II.  SENTIUS MISREPRESENTS FACTS IN ITS REPLY

In its Reply, Sentius incorrectly contends that its Motion to Dismiss for lack of personal jurisdiction is not mooted by Zoho's filing of an Amended Complaint because, according to Sentius, the Amended Complaint does not "add any material facts upon which to exercise personal jurisdiction." Dkt. 13 at 1. However, contrary to Sentius' assertion, Zoho's Amended Complaint includes several paragraphs of new allegations that are material to personal jurisdiction which were not addressed by Sentius' Motion to Dismiss. Dkt. 14, ¶¶ 7-10. For example, Zoho's Amended Complaint alleges for the first time that Sentius hired an agent in the District who "from his offices in this District …participated in a broad range of activities in the furtherance of enforcement of the patents-in-suit including participation in the preparation of Complaints, briefing, letters and infringement analysis." *Id*. at ¶ 8. It also includes new allegations that Sentius representatives "traveled to this District to meet with one or more companies to discuss the company's alleged

infringement of one or more of the patents-in-suit." *Id*. Sentius' Motion to Dismiss, which is directed to the original Complaint, does not address any of these allegations. *See* Dkt. 13, pp. 7-8.

### III. SENTIUS MISCHARACTERIZES LAW IN ITS REPLY

In its Reply Sentius also mischaracterized several cases in an attempt to conjure support for the notion that an amended complaint filed as a matter of right does not moot a pending motion to dismiss directed to an earlier filed complaint. But the cases Sentius relies on expressly contradict the principle Sentius relies on them for. For example, the *Yates* case expressly states that "amended complaints supersede the original pleading, the filing of the amended complaint in this case did technically render the pending motion to dismiss moot." *Yates v. Applied Performance Techs., Inc.*, 205 F.R.D. 497, 499 (S.D. Ohio 2002). And, the *Moral Law* case does not even involve a motion to dismiss that is directed to an inoperative earlier filed complaint. Instead, in that case motion to dismiss was filed *after* the amended complaint and was expressly directed to the amended complaint. In that context, the court held that the motion to dismiss was (obviously) not mooted by the filing of the amended complaint. *Found. for Moral Law, Inc. v. Infocision Mgmt. Corp.*, 2008 WL 5725627, at *3 (N.D. Ohio May 27, 2008).

### IV. GOOD CAUSE EXISTS

Good cause exists here for granting leave for sur-reply so Zoho can address Sentius' mischaracterizations. *See e.g., Landmark Screens, LLC v. Morgan, Lewis & Bockius*, 2010 WL 3629816, at *2 (N.D. Cal. Sept. 14, 2010) (sur-reply permitted where authority cited for first time in reply papers). Zoho submits that it will benefit the Court to address these matters in writing before the hearing, rather than for the first time at the hearing. This Court previously has permitted the filing of sur-replies to both address new arguments and correct the record. *See Universal Trading & Investment Co. v. Kiritchenko*, 2006 WL 515625 (N.D. Cal. Feb. 28, 2006). Attached as Exhibt A is a copy of Zoho's proposed sur-reply.

Dated: April 16, 2019

Respectfully submitted,

MARTON RIBERA SCHUMANN & CHANG LLP

By: /s/ *Ryan J. Marton*
Ryan J. Marton

RYAN J. MARTON (SBN 223979)
ryan@martonribera.com
MARTON RIBERA SCHUMANN & CHANG LLP
548 Market Street, Suite 36117
San Francisco, CA 94104
Telephone: (415) 360-2515