SANDEEP SETH (SBN 195914)
ss@sethlaw.com
SETH LAW OFFICES
Two Allen Center
1200 Smith Street, Suite 1600
Houston, Texas 77002
Telephone No.: (713) 244-5017
Facsimile No.:  (713) 244-5018

ROBERT J. YORIO (SBN 93178)
yorio@carrferrell.com
STACEY M. TAM (SBN 292982)
stam@carrferrell.com
CARR & FERRELL LLP
120 Constitution Drive
Menlo Park, California  94025
Telephone No.: (650) 812-3400
Facsimile No.:  (650) 812-3444

Attorneys for Defendant
SENTIUS INTERNATIONAL, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOHO CORPORATION,<br><br>                    Plaintiff,<br><br>     v.<br><br>SENTIUS INTERNATIONAL, LLC<br><br>                    Defendant. | CASE NO. 4:19-cv-00001-YGR<br><br>**DEFENDANT SENTIUS INTERNATIONAL LLC'S OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE A SUR-REPLY TO DEFENDANT'S MOTION TO DISMISS** |

Pursuant to Civ. L.R. 7-3(d) and 7-11 Defendant Sentius International LLC ("Sentius") hereby opposes Plaintiff Zoho Corporation's ("Zoho") Administrative Motion for Leave to File a Sur-reply in Response to Sentius' Reply In Support of its Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 17) (hereinafter "Reply"). The requested supplemental briefing is unnecessary in that it does not rely upon new evidence or a new judicial opinion and amounts to no more than further argument on Sentius' Motion to Dismiss for Lack of Personal Jurisdiction.

**LOCAL RULE 7-3 (d) DOES NOT PERMIT THE FILING OF THIS SUR-REPLY**

Local Rule 7-3 (d) provides as follows:

> **Supplementary Material.** Once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval, except as follows:
>
> **(1) Objection to Reply Evidence.** If new evidence has been submitted in the reply, the opposing party may file within 7 days after the reply is filed and serve an Objection to Reply Evidence, which may not exceed 5 pages of text, stating its objections to the new evidence, which may not include further argument on the motion. The Objection to Reply Evidence must be filed and served not more than 7 days after the reply was filed. Fed. R. Civ. P. 6(d), which extends deadlines that are tied to service (as opposed to filing), does not apply and thus does not extend this deadline.
>
> **(2)** Before the noticed hearing date, counsel may bring to the Court's attention a relevant judicial opinion published after the date the opposition or reply was filed by filing and serving a Statement of Recent Decision, containing a citation to and providing a copy of the new opinion–without argument.

Nothing in Plaintiff's Administrative Motion constitutes an objection to new evidence submitted in Sentius' Reply (there was no such new evidence submitted by Sentius) or the submission of a relevant judicial opinion published after the date Zoho's Opposition was filed. Accordingly, Zoho requires prior Court approval before its proposed Sur-reply can be filed. L.R. 7-3 (d).

**PLAINTIFF'S PROPOSED SUR-REPLY DOES NOT QUALIFY AS AN EXCEPTION TO THE PROHIBITION ON SUPPLEMENTAL BRIEFING IN L. R. 7-3**

In its Administrative Motion, Zoho contends that it should be permitted to file a

supplemental brief in order to correct the record because Sentius took the position that the Amended Complaint did not "add any material facts upon which to exercise personal jurisdiction." See Admin. Motion at 1:15-18. Zoho is incorrect because the supposedly new alleged facts concerning an "agent" with an office in this District and travel by Sentius representatives who met with companies in this District to discuss infringement of the patents in suit are not *material* facts. Notably, Sentius specifically addressed these allegations in its Reply. Sentius Reply (Dkt. 17 at p. 4, lines 3-24).

In doing so, Sentius acknowledged that this group of newly alleged facts was present in the Amended Complaint, but pointed out that these facts were not material to the issue of personal jurisdiction because no authority was cited by Zoho (or located by Sentius) that stands for the proposition that the facts on which Zoho relies on in this Administrative Motion qualify as valid contacts with this District. *Id.* at 4: 9-24. In its Motion, Zoho cites to no authority that recognizes these activities as constituting contacts sufficient to confer personal jurisdiction over Sentius in this District. The proposed Sur-reply is similarly deficient in that it cites no supporting case law for the proposition that meetings that took place at a third party company's place of business in this District or the retention of counsel with an office in this District subjects a patent owner to personal jurisdiction in Northern California. There is simply no legal basis for Zoho to contend otherwise. Accordingly, the insertion of these new facts in the Amended Complaint adds nothing substantive to the pleading that is legally cognizable for jurisdictional purposes. The Amended Complaint did not render Sentius' Motion to Dismiss moot.

**SENTIUS DID NOT MISCHARACTERIZE THE LAW IN ITS REPLY**

Zoho also contends that Sentius mischaracterized two (2) cases in its Reply and attempts to distinguish them from the present case. There are three (3) responses to this contention. First, Zoho is merely offering legal argument involving no new case law or authority and that is the entire extent of this contention. If sur-replies were to be permitted every time a lawyer wanted to argue about the applicability of a case cited by the adversary, sur-replies would quickly become the rule rather than the exception. That is precisely why L.R. 7-3 (d) (1) does not permit supplemental briefing that includes "further argument on the motion."

Second, the cases discussed by Zoho in its Administrative Motion were cited in Sentius' Reply only because Zoho filed an Amended Complaint after Sentius filed its Motion to Dismiss and then argued that the Motion was therefore moot. Since Sentius had no advance notice of the Amended Complaint and the accompanying mootness argument, there was no reason for Sentius to anticipate this contention and address it in its Opening Brief. Zoho should therefore not be surprised to see citations to authorities in the Reply that address the effect of amended pleadings on a pending motion to dismiss. The inclusion of the two cases in Sentius' Reply solely in response to Zoho's Amended Complaint does not warrant an exception to the prohibition on supplemental briefing that amounts to no more than "further argument on the motion."

Third, the two cases cited in the Reply were not mischaracterized. The first case, *Yates v. Applied Performance Tech., Inc.* 205 F.R.D. 497, 499 (S.D. Ohio 2002) recognized the general rule quoted by Zoho in its Motion at 2:6-10 stating that "that the filing of the amended complaint did technically render the pending motion to dismiss moot." But that Court then proceeded to nevertheless determine that the defendants did not have to file a new motion and held that the Court would consider the motion to dismiss as being addressed to the amended pleading because some of the defects originally challenged in the motion remained in the amended complaint. *Id.* 205 F.R.D. at 499.  The *Yates* case is therefore quite similar to the present action and Sentius was well within its rights to cite to the case and include the quotation from the District Court's decision in *Yates* in its Reply at 2:26 to 3: 12 (Dkt. 17). The *Yates* opinion was not mischaracterized by Sentius.

The second case cited by Sentius in its Reply was *Found. For Moral Law, Inc. v. Infocision Mgmt. Corp.,* 2008 U.S. Dist. LEXIS 108117 at *11-13 (N.D. Ohio May 27, 2008). In this opinion, a different District Court Judge in the same Court recognized with approval the aforementioned analysis set forth in the *Yates* opinion even though the procedural posture (motion to amend filed after amended complaint) differed. Sentius included the quotation in *Found. For Moral Law, Inc.* where the Court determined that the analysis in *Yates* directly applied to its own case in its Reply at 3:3-12. (Dkt. 17). There was no mischaracterization of this case either.

**THE ADMINISTRATIVE MOTION IS UNTIMELY**

Sentius filed its Reply on March 25, 2019 (Dkt. 17).  Zoho didn't even raise the possibility of

3
DEFENDANT SENTIUS INTERNATIONAL LLC'S OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE
MOTION TO FILE A SUR-REPLY TO DEFENDANT'S MOTION TO DISMISS

requesting permission to file supplemental briefing with Sentius until April 15, 2019, 21 days later. If Zoho truly believed that it needed to "correct" the record on the Motion to Dismiss, it should not have waited 3 weeks to bring that issue to the attention of defense counsel. This Administrative Motion should be denied because it is untimely.

## CONCLUSION

For all of the foregoing reasons, Zoho's Administrative Motion for Leave to File a Sur-Reply should be denied.

Dated:  April 19, 2019                              Respectfully submitted,

CARR & FERRELL LLP


By     /s/ Robert J. Yorio
           ROBERT J. YORIO

Attorneys for Defendant
SENTIUS INTERNATIONAL, LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 19, 2019 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civ. L.R. 5-1(h)(1). Any other counsel of record will be served by U.S. Mail or hand delivery.

By    /s/ Robert J. Yorio
       ROBERT J. YORIO