1  SANDEEP SETH (SBN 195914)
   ss@sethlaw.com
2  SETH LAW OFFICES
   Two Allen Center
3  1200 Smith Street, Suite 1600
4  Houston, Texas 77002
   Telephone No.: (713) 244-5017
5  Facsimile No.:   (713) 244-5018

6
   ROBERT J. YORIO (SBN 93178)
7  yorio@carrferrell.com
   STACEY M. TAM (SBN 292982)
8  stam@carrferrell.com
   CARR & FERRELL LLP
9  120 Constitution Drive
10 Menlo Park, California  94025
   Telephone No.: (650) 812-3400
11 Facsimile No.:  (650) 812-3444

12
   Attorneys for Defendant and Counterclaimant
13 SENTIUS INTERNATIONAL, LLC

14

15                     UNITED STATES DISTRICT COURT

16                   NORTHERN DISTRICT OF CALIFORNIA

17 | ZOHO CORPORATION, | CASE NO. 4:19-cv-00001-YGR |
|---|---|
18 | Plaintiff, | **DEFENDANT SENTIUS INTERNATIONAL** |
19 | v. | **LLC'S ANSWER TO FIRST AMENDED** **COMPLAINT FOR DECLARATORY** |
20 | SENTIUS INTERNATIONAL, LLC | **JUDGMENT AND COUNTERCLAIMS** |
21 | Defendant. | **DEMAND FOR JURY TRIAL** |
22 | SENTIUS INTERNATIONAL, LLC, | |
23 | | |
24 | Counterclaimant, v. | |
25 | | |
26 | ZOHO CORPORATION and ZOHO CORPORATION PVT., LTD. | |
27 | Counter-Defendants. | |
28 | | |

1

DEFENDANT SENTIUS INTERNATIONAL LLC'S ANSWER TO FIRST AMENDED COMPLAINT
FOR DECLARATORY JUDGMENT AND COUNTERCLAIMS; DEMAND FOR JURY TRIAL

1
2
3

Defendant SENTIUS INTERNATIONAL, LLC ("Sentius") hereby responds to the First Amended Complaint of Plaintiff ZOHO CORPORATION ("Zoho" or "Zoho California") as follows:

### NATURE OF ACTION

4

5
6
7

1.      Sentius admits that Zoho California seeks a declaratory judgment of non-infringement of U.S. Patent Nos. 7,672,985 ("'985 patent") and RE43,633 ("'633 patent") collectively "the patents-in-suit") in this action.

8
9
10
11

2.      Sentius admits that it has contacted Zoho and asserted that the spell check feature in three of Zoho's products (Zoho Mail, Zoho Docs and Zoho Recruit) (collectively "accused Zoho products") infringe the patents-in-suit. Except as so admitted, Sentius denies the remaining allegations in Paragraph 2 of the First Amended Complaint.

### PARTIES

12

13
14

3.      Sentius admits that Plaintiff Zoho California is a corporation organized and existing under the laws of California with a principal place of business in the Northern District of California.

15
16
17

4.      Sentius admits that it is a limited liability company organized and existing under the laws of Virginia with its principal place of business at 8300 Greensboro Drive, Suite 800, McLean, VA, 22102.

### JURIDICTION AND VENUE

18

19
20
21

5.      Sentius admits that the patents-in-suit read on the accused Zoho products, and that a controversy exists between Sentius and Zoho California on that issue.  Except as so admitted, Sentius denies the remaining allegations in Paragraph 5 of the First Amended Complaint.

22

6.      Sentius admits that this Court has subject matter jurisdiction over this action.

23
24
25
26
27
28

7.      Sentius admits that it filed a lawsuit in this District against Microsoft Corporation for alleged infringement of the patents-in-suit, and that it prosecuted that action through claim construction hearing and rulings on dispositive motions and Daubert motions, and that it engaged counsel in California to assist it with that litigation which was resolved by settlement.  Sentius further admits that one of its representatives traveled to this District in connection with the Microsoft action. Except as so admitted, Sentius denies the remaining allegations in Paragraph 7 of the First Amended

1  Complaint.

2     8.     Sentius admits that it has had communications with a number of companies and

3  businesses located in California with respect to the patents-in-suit and licensing obligations.  Sentius

4  further admits that it has engaged California counsel with an office in this District for representation

5  with respect to the patents-in-suit and that a representative for Sentius has traveled to this District to

6  meet with one company to discuss a license thereto.  Sentius further admits that it has exchanged

7  communications with Zoho California and that some of those communications detail the manner in

8  which Zoho California infringes that patent-in-suit.  Except as so admitted, Sentius denies the

9  remaining allegations in Paragraph 8 of the First Amended Complaint.

10     9.     Sentius admits the allegations in Paragraph 9 of the First Amended Complaint.

11     10.     Denied.

12     11.     Denied.

### INTRADISRICT ASSIGNMENT

14     12.     Admitted.

### BACKGROUND FACTS

16     13.     Admitted that Sentius sent correspondence to Zoho California in 2015 regarding

17  claims of infringement by certain Zoho products and that Zoho sent a response to that

18  correspondence. Except as so admitted, Sentius denies the remaining allegations in Paragraph 13

19  of the First Amended Complaint.

20     14.     Admitted.

21     15.     Admitted.

### FIRST CLAIM FOR RELIEF

### (Declaratory Judgement of Non-Infringement of the '985 Patent)

24     16.     Sentius repeats and realleges its responses to each and every allegation contained in the

25  preceding paragraphs above as if fully set forth herein.

26     17.     Admitted.

27     18.     Admitted.

28     19.     Denied.

3

1   20.   Admitted.

2   21.   Sentius admits that Zoho California seeks a declaration that the claims of the '985 patent

3   are not infringed. Except as so admitted, Sentius denies the remaining allegations of Paragraph 21 of

4   the First Amended Complaint.

5   **SECOND CLAIM FOR RELIEF**

6   **(Declaratory Judgement of Non-Infringement of the '633 Patent)**

7   22.   Sentius repeats and realleges each and every allegation contained in the preceding

8   paragraphs above as if fully set forth herein.

9   23.   Admitted.

10   24.   Admitted.

11   25.   Denied.

12   26.   Admitted.

13   27.   Sentius admits that Zoho California seeks a declaration that the claims of the '633

14   patent are not infringed. Except as so admitted, Sentius denies the remaining allegations of Paragraph

15   27 of the First Amended Complaint.

16   28.   Sentius denies each and every other allegation in the First Amended Complaint not

17   previously admitted, controverted or denied.

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT SENTIUS INTERNATIONAL LLC'S ANSWER TO FIRST AMENDED COMPLAINT
FOR DECLARATORY JUDGMENT AND COUNTERCLAIMS; DEMAND FOR JURY TRIAL

**COUNTERCLAIMS**

1.　　This is a Counterclaim for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq*. in which Defendant and Counterclaimant Sentius International, LLC ("Sentius" or "Counterclaimant") brings this patent infringement action against Counter-Defendants Zoho Corporation ("Zoho California") and Zoho Corporation Pvt, Ltd. ("Zoho India") and alleges as follows:

**NATURE OF THE ACTION**

2.　　This is an action for patent infringement which arises under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") 35 U.S.C. §§ 1 *et seq*., including 35 U.S.C. §§ 271, 281, 283, 284, and 285, to prevent Counter-Defendants from infringing and profiting without authorization and consent from Sentius by their use of the technology covered by U.S. Patent No. RE43,633 (the "'633 Patent", attached hereto as Exhibit "A") and U.S. Patent No. 7,672,985 (the "'985 Patent", attached hereto as Exhibit B") and to recover damages, attorney's fees, and costs pursuant thereto.

**THE PARTIES**

3.　　Plaintiff and Counterclaimant Sentius is a limited liability company duly organized and existing under the laws of Virginia with its principal place of business at 8300 Greensboro Drive, Suite 800, McLean, VA, 22102.

4.　　Zoho is a corporation organized and existing under the laws of California with a principal place of business in the Northern District of California.

5.　　On information and belief, Zoho India is an Indian registered limited liability company with its principal place of business located in Estancia IT Park, Vallancherry Village, Chengalpattu Taluk, Kanchipuram District, 603 202 India.

**JURISDICTION AND VENUE**

6.　　The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a) because the action arises under the Patent Laws of the United States, 35 U.S.C. §§ 271 et seq.

7.　　Court has personal jurisdiction over Counter-Defendants because, among other

DEFENDANT SENTIUS INTERNATIONAL LLC'S ANSWER TO FIRST AMENDED COMPLAINT
FOR DECLARATORY JUDGMENT AND COUNTERCLAIMS; DEMAND FOR JURY TRIAL

1  reasons, Zoho India has established minimum contacts with the state of California and Zoho

2  California resides in this District.

3       8.     Venue is proper in this District under 28 U.S.C. § 1400(b). Zoho India is a foreign

4  corporation. A substantial part of the infringement alleged in this Counterclaim has occurred and is

5  occurring in this district, including the marketing, selling, and offering for sale of infringing products.

6  Zoho California is a California corporation with its principal place of business in this District.

7  **COUNTERDEFENDANTS' PRODUCTS**

8       9.     The Accused Products include Zoho Mail, Zoho Recruit and  Zoho Docs including

9  applications such as Zoho Writer which are made, used, sold or offered for sale within the United

10  States or imported into the United States. The Accused Products infringe at least claims 17, 18, 62,

11  101 and 146 of the '633 patent and claims 1 and 11 of the '985 patent.

12       10.     The Accused Products include either a "red squiggly" (such as in Zoho Docs including

13  Zoho Writer) or a "yellow highlight" (such as in Zoho Mail and Zoho Recruit) spell check feature

14  that marks misspelled words in a document and  respectively links each misspelled word to at least

15  one suggested spelling for the misspelled word contained in a spell check dictionary. The accused

16  functionality displays an image of the document text (with each misspelled word marked), allows a

17  user to to provide an input to indicate a misspelled word for which the user wishes to see the

18  suggested spelling corrections, and retrieves the suggested spelling for that misspelled words and

19  displays the suggested spelling near the misspelled word.

20       11.     Upon information and belief, the Accused Products operate in an Accused System that

21  includes (1) Zoho Servers from which the Accused Products are downloaded to client computers; and

22  (2) Zoho spell check servers that use spell check dictionaries that represent the latest content of a

23  master term database and are transmitted to the Zoho spell check servers for local use in supplying

24  the suggested spelling corrections.

25  **COUNT ONE**

26  **INFRINGEMENT OF THE '633 PATENT**

27       12.     On September 4, 2012, the United States Patent and Trademark Office ("USPTO")

28  duly and legally reissued the '633 patent, entitled "System and Method for Linking Streams of

DEFENDANT SENTIUS INTERNATIONAL LLC'S ANSWER TO FIRST AMENDED COMPLAINT
FOR DECLARATORY JUDGMENT AND COUNTERCLAIMS; DEMAND FOR JURY TRIAL

1  Multimedia Data to Reference Material for Display" (the "'633 Patent."). A true and correct copy of

2  the '633 patent is attached hereto as Exhibit A.

3       13.    Sentius is the owner of the '633 patent, having received all right, title and interest in

4  and to the '633 patent from the previous assignee of record. Sentius possesses all substantive rights in

5  and to the patent, including the sole and exclusive right to prosecute this action and enforce the '633

6  patent against infringers, and to collect damages for all relevant times.

7       14.    Counter-Defendants have infringed at least claims 17, 18, 62, 101 and 146 of the '633

8  patent by its manufacture, use, sale, importation, and/or offer for sale of Zoho Mail, Zoho Recruit and

9  Zoho Docs web-based software including applications such as Zoho Writer in the manner described

10  herein and by encouraging others to use, offer for sale or sell such products in the United States or

11  from within the United States. Counter-Defendants are liable for infringement of the '633 patent

12  pursuant to 35 U.S.C. § 271.

13       15.    For example, claim 17 covers "A system for linking textual source material to external

14  reference material for display." On information and belief, Counter-Defendants Zoho Mail, Zoho

15  Recruit and Zoho Docs software includes Zoho Writer spell-check and other proofreading features

16  automatic correction features which link textual source material to external reference material and has

17  performed it using a method of storing pointers in look-up table entries for the starting and ending

18  position addresses for misspelled words or grammatically incorrect words.  For example, the pointers

19  link the misspelled words to the spell check dictionary which is an external reference material having

20  correctly spelled replacements for the misspelled words. For example, the misspelled words are

21  identified by highlighting in yellow or with a red squiggly underline.

22       16.    Claim 17 then recites "means for determining a beginning position address of textual

23  source material stored in an electronic database." On information and belief, Zoho Docs, Zoho Mail

24  and Zoho Recruit offer a document editor which assigns a zero position address to the first character

25  of the document text. For example, the document editor is equipped with a parser which identifies the

26  text as discrete character strings.

27       17.    Claim 17 then recites "means for cutting the textual source material into a plurality of

28  discrete pieces." On information and belief, the document editor such as provided by the

DEFENDANT SENTIUS INTERNATIONAL LLC'S ANSWER TO FIRST AMENDED COMPLAINT
FOR DECLARATORY JUDGMENT AND COUNTERCLAIMS; DEMAND FOR JURY TRIAL

1  aforementioned application parses the document to cut the text into individual words and phrases.

2  These words or phrases are identified as discrete character strings.

3    18.    Claim 17 then recites "means for determining starting point addresses and  ending

4  point addresses of the plurality of discrete pieces based upon the beginning position address." On

5  information and belief, the document editor such as provided by the Zoho Writer application

6  identifies the beginning and ending character position offsets for the misspelled words relative to the

7  beginning position address of the potential misspelled word.

8    19.    Claim 17 then recites "means for recording in a look-up table the starting and ending

9  point addresses." On information and belief, Zoho Docs, Zoho Mail and Zoho Recruit software

10  maintain a look-up table storing the beginning and ending character offsets relative to the beginning

11  position address of the potential misspelled word. The misspelled word is highlighted in yellow or by

12  a red squiggly underline.

13    20.    Claim 17 then recites "means for linking the plurality of discrete pieces to external

14  reference materials by recording in the look-up table, along with the starting and ending point

15  addresses of the plurality of discrete pieces, links to the external reference materials, the external

16  reference materials comprising any of textual, audio, video, and picture information". On information

17  and belief, Zoho Docs, Zoho Mail and Zoho Recruit software maintain a look-up table storing the

18  beginning and ending character offsets relative to the beginning position address of the potential

19  misspelled word. The misspelled word is highlighted in yellow or by a red squiggly underline.

20    21.    On information and belief, the Zoho Docs, Zoho Mail and Zoho Recruit software

21  systems maintain a spell check dictionary having lexicon of recognized words and phrases. The text

22  in a document editor such as provided by the Zoho Writer application is parsed and cut into discrete

23  character strings including the misspelled words as explained above. The look up table also stores a

24  link to the correctly spelled replacement word in the spell check dictionary. Therefore, the systems

25  use the link to the spell check dictionary to access, retrieve and display content therefrom for any

26  given misspelled word. The spell check feature thereby links a misspelled word in a document file to

27  the suggested spellings for that word from the corresponding language spell check dictionary.

28    22.    Claim 17 then recites "means for selecting a discrete portion of an image of the source

material". On information and belief, Zoho Docs, Zoho Mail and Zoho Recruit software, through an interface, offer the user the option to click on the yellow highlighted or red squiggled misspelled word on the opened document editor such as provided by the Zoho Writer application. On information and belief, the identified input location is then converted by the software to the character position address.

23.     Claim 17 then recites "means for determining a display address of the selected discrete portion". On information and belief, the interface offers the user the option to click on the yellow highlighted or red squiggled word on the opened document editor such as provided by the Zoho Writer application. On information and belief, software instructions identify the horizontal and vertical coordinates of the display location where the user's input was received so that it can determine the corresponding document position of the user's input. On information and belief, these instructions include the use of a user interface and pointing device programmed to perform this function.

24.     Claim 17 then recites "means for converting the display address of the selected discrete portion to an offset value from the beginning position address." On information and belief, software instructions identify the character position offset value from the beginning position address corresponding to the horizontal and vertical coordinates of the display location where the user's input was received.

25.     Claim 17 then recites "means for comparing the offset value with the starting and ending point addresses recorded in the look-up table to identify one of the plurality of discrete pieces." On information and belief, as explained above, Zoho Docs, Zoho Mail and Zoho Recruit software instructions can identify the character position offset value from the beginning position address corresponding to the horizontal and vertical coordinates of the display location where the user's input was received. The software determines if the identified character position is present in the look-up table and if present, identifying the corresponding entry.

26.     Claim 17 then recites "means for selecting one of the external reference materials corresponding to the identified one of the plurality of discrete pieces." On information and belief, Zoho Docs, Zoho Mail and Zoho Recruit software through, among other applications and features

DEFENDANT SENTIUS INTERNATIONAL LLC'S ANSWER TO FIRST AMENDED COMPLAINT
FOR DECLARATORY JUDGMENT AND COUNTERCLAIMS; DEMAND FOR JURY TRIAL

such as the Zoho Writer application offer a document editor which is programmed to resolve the pointer for the corresponding entry to identify one or more corresponding character strings from a spell check dictionary for that entry's character string. On information and belief, for example, Zoho Docs include a set of software instructions that retrieves and temporarily stores in a buffer the identified lexicon words from the spell check dictionary for that character string.

27.     Claim 17 then recites "means for displaying on a computer the selected one of the one of the external reference materials." On information and belief, as explained above, software instructions identify the character position offset value from the beginning position address corresponding to the horizontal and vertical coordinates of the display location where the user's input was received. The identified correctly spelled lexicon words present in the look-up table are retrieved and temporarily stored in a buffer from the spell check dictionary for that character string. The character string is passed from the buffer to the document editor to display them on a display as suggested corrections for that character string.

28.     Claim 18 depends from independent claim 17, and covers "The system of claim 17, wherein the means for linking links the plurality of discrete pieces to external reference materials on a word-by-word or phrase-by-phrase basis." On information and belief, Zoho Docs, Zoho Mail and Zoho Recruit software maintain an entry in the look-up table having a corresponding pointer which links that entry to the specific suggested correct spellings for that entry's corresponding character string. In other words, each misspelled word whose position is recorded in the look-up table is linked to spelling suggestions for that particular word.

29.     The Accused Products infringe at least claims 17, 18, 62, 101 and 146 of the '633 patent.

30.     In violation of 35 U.S.C. § 271, Counter-Defendants have directly infringed the '633 patent.

31.     On information and belief, Counter-Defendants have had knowledge of infringement of the '633 patent by at least on or about October 6, 2015.

32.     Counter-Defendants have infringed at least claims 17, 18, 62, 101 and 146 of the '633 patent by making, using, importing, offering for sale, and/or selling the Accused Products without

1   authority in the United States. As a direct and proximate result of their direct and indirect

2   infringement of the '633 patent, Counterclaimant has been and continues to be damaged.

3       33.     By engaging in the conduct described herein, Counter-Defendants have injured Sentius

4   and are thus liable for infringement of the '633 patent, pursuant to 35 U.S.C. § 271.

5       34.     Counter-Defendants are also directly responsible for any infringing acts of its users,

6   because they direct and/or control the user's performance of those actions. On information and belief,

7   Counter-Defendants make the benefits of their spell check functionality conditioned on the user's

8   performance of any steps that involve the user and establish the manner or timing of that performance

9   through their design of the accused product's operation.

10      35.     Counter-Defendants have also contributed to and  induced the infringement of the '633

11  patent by providing access to the Accused Products and Accused System to its users and by aiding

12  and encouraging the use of the accused functionality knowing the same to be an infringement of the

13  '633 patent.

14      36.     Counter-Defendants have committed these acts of infringement without license or

15  authorization.

16      37.     As a result of Counter-Defendants' infringement of the '633 patent, Sentius has

17  suffered monetary damages and is entitled to a monetary judgment in an amount adequate to

18  compensate for their past infringement, together with interests and costs.

19      38.     Sentius and/or its predecessors-in-interest have satisfied all statutory obligations

20  required to collect pre-filing damages for the full period allowed by law, including, but not limited to,

21  35 U.S.C. § 287.

**COUNT TWO**

**INFRINGEMENT OF THE '985 PATENT**

24      39.     On March 2, 2010, the United States Patent and Trademark Office duly and legally

25  issued the '985 Patent, entitled "Automated Creation and Delivery of Database Content" (the "'985

26  Patent"). A true and correct copy of the '985 Patent is attached hereto as Exhibit B.

27      40.     Sentius is the owner of the '985 patent, having received all right, title and interest in

28  and to the '985 Patent from the previous assignee of record. Sentius possesses all substantive rights in

1  and to the patent, including the sole and exclusive right to prosecute this action and enforce the '985

2  Patent against infringers, and to collect damages for all relevant times.

3  41.     Counter-Defendants have infringed at least Claims 1 and 11 of the '985 Patent by the

4  manufacture, use, sale, importation, and/or offer for sale of a system that comprises Zoho servers, a

5  Zoho master dictionary database, syndicated versions of that master dictionary database in the form

6  of spell check dictionaries, and Zoho Mail, Zoho Recruit and Zoho Docs software including

7  applications such as Zoho Writer in the manner described herein. Counter-Defendants Zoho India and

8  Zoho California are liable for their infringement of the '985 Patent pursuant to 35 U.S.C. § 271.

9  42.     For example, Claim 1 recites "syndicating one or more data objects associated with a

10  term database to one or more remote computers, wherein the one or more data objects contain data

11  associated with one or more terms." On information and belief, the Zoho system includes a master

12  spell check database and Zoho Docs, Zoho Mail, and Zoho Recruit programs contain a spell check

13  feature that uses spell check dictionary files containing data objects that include lexicon words and

14  logic that associates the lexicon words with character strings that are not in the lexicon. The spell

15  check dictionary is syndicated as a data object reflecting the latest content of term database for "hot"

16  use by these programs.

17  43.     Claim 1 also recites "parsing one or more documents to identify at least one term

18  based on at least one rule." On information and belief, the programs contain a spell check feature that

19  includes a set of software instructions ("a parsing engine") that parse a document using one or more

20  grammar/parsing rules to identify the character strings and the starting and ending offset positions of

21  the words contained therein. The parsing engine passes each of the parsed character strings to the

22  spell check engine, which compares each received character string with the lexicon of known words

23  in the spell check dictionary for that word or document's language. If the spell check engine

24  determines that the character string does not match the character string of any lexicon word, the spell

25  check functionality identifies it as a potentially misspelled word and renders a yellow highlight or a

26  red-squiggly underline beneath the misspelled word.

27  44.     Claim 1 recites "identifying content for the at least one term."  On information and

28  belief, the spell check dictionary in the Zoho programs include suggested spellings (i.e., character

DEFENDANT SENTIUS INTERNATIONAL LLC'S ANSWER TO FIRST AMENDED COMPLAINT
FOR DECLARATORY JUDGMENT AND COUNTERCLAIMS; DEMAND FOR JURY TRIAL

1
2
3
4
5
6

strings in the lexicon) that have been identified for various input character strings (e.g., "the" for "th"). Moreover, when a user indicates that he or she desires to see the suggested spellings for a given misspelled word, such as by right clicking on the word, the accused spell check functionality determines the character string of the user indicated word and passes that character string to identify character strings in the lexicon of the spell check dictionary as suggested replacements for the character string of the user indicated word.

7
8
9
10
11
12
13

44.     Claim 1 recites "associating the at least one term with the identified content." On information and belief, the Zoho programs associate the character string of a word identified as misspelled to the character string(s) of one or more suggested spellings in at least two ways. First, the character string is linked to the suggested spellings (alternative character strings) for that particular character string from the spell check dictionary. Second, the accused spell check system accesses, retrieves and displays the suggested spellings in a pop-up window next to the misspelled word, thereby associating the identified spellings for the word with the misspelled word.

14
15
16
17
18
19

45.     Clam 1 then recites "wherein the one or more data objects associated with the term database provide a representation of at least a portion of the term database at the one or more remote computers and are used to link the identified content with the at least one term." On information and belief, the spell check dictionary used by the Zoho programs is a data representation of the lexicon maintained in the term database for the given dictionary's language and is used to link misspelled words in a document to their suggested spellings.

20
21
22

46.     With regard to claim 11, the accused Zoho system includes a system of servers that run the accused Products using distributed data objects in the form of spell check dictionaries that represent the content of master spell check databases.

23
24
25
26
27
28

47.     Also with regard to claim 11, on information and belief, the accused Zoho system incorporates a parser that identifies words in a document based upon rules (such as whether there is white space ahead of and behind the character string or whether it matches a character string in the lexicon of the spell check dictionary) and a spell check module that identifies misspelled words in the document based upon other rules (such as whether the character string of the word does not match a word in the lexicon of the spell check dictionary) thereby constituting a system that includes "a term

1    module for parsing one or more documents to identify at least one term based on at least one rule."

2        48.        Also with regard to claim 11, on information and belief, the accused Zoho system

3    incorporates logic having one or more words that may be identified as suggested corrections for a

4    given character string (if any) and thereby includes "a processing module for identifying content for

5    the at least one term."

6        49.        Also with regard to claim 11, on information and belief, the accused Zoho system

7    incorporates a master spell check database that stores the identified spelling suggests associated with

8    given character strings which constitutes "a term database for storing the identified content in

9    association with the at least one term."

10       50.        Also with regard to claim 11, on information and belief, the accused Zoho system

11   includes one or more spell check dictionaries that are transmitted to several spell check servers that

12   are queried by computers running the Accused Products and the dictionaries are used by such

13   Accused Products to link misspelled words in a document to the suggested spelling corrections

14   (substitute character strings) associated therewith identified in the spell check dictionary so they may

15   be displayed thereby meeting the requirement of "wherein one or more data objects associated with

16   the term database are syndicated to one or more remote computers for providing a representation of

17   at least a portion of the term database at the one or more remote computers and for linking the

18   identified content with the at least one term, wherein the one or more data objects contain data

19   associated with one or more terms."

20       51.        On information and belief, the aforementioned accused Zoho system infringes at least

21   Claims 1 and 11 the '985 Patent.

22       52.        In violation of 35 U.S.C. § 271, Counter-Defendants are now, and have been, directly

23   infringing the '985 Patent.

24       53.        On information and belief, Counter-Defendants have had knowledge of infringement

25   of the '985 Patent by at least on or about August 20, 2018.

26       54.        Counter-Defendants have infringed at least claims 1 and 11 of the '985 patent by

27   making, using, importing, offering for sale, and/or selling the Accused Products without authority in

28   the United States, and will continue to do so unless enjoined by this Court. As a direct and proximate

result of their direct and indirect infringement of the '985 patent, Counterclaimant has been and continues to be damaged.

55.     By engaging in the conduct described herein, Counter-Defendants have injured Sentius and are thus liable for infringement of the '985 patent, pursuant to 35 U.S.C. § 271.

56.     Counter-Defendants are also directly responsible for any infringing acts of its users, because they direct and/or control the user's performance of those actions. On information and belief, Counter-Defendants make the benefits of their spell check functionality conditioned on the user's performance of any steps that involve the user and establishes the manner or timing of that performance through their design of the accused product's operation.

57.     Counter-Defendants have also contributed to and induced the infringement of the '985 patent by providing access to the Accused Products and Accused System to its users and by aiding and encouraging the use of the accused functionality knowing the same to be an infringement of the '985 patent.

58.     Counter-Defendants have committed these acts of infringement without license or authorization.

59.     As a result of Counter-Defendants' infringement of the '985 patent, Sentius has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for their past infringement, together with interests and costs.

60.     Sentius and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law, including, but not limited to, 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, having answered the First Amended Complaint and plead counterclaims, Sentius respectfully prays for judgment as follows:

a.     That the Court enter Judgment in favor of Defendant and against Plaintiff on all of Plaintiff's claims in the First Amended Complaint;

DEFENDANT SENTIUS INTERNATIONAL LLC'S ANSWER TO FIRST AMENDED COMPLAINT
FOR DECLARATORY JUDGMENT AND COUNTERCLAIMS; DEMAND FOR JURY TRIAL

b.      That Plaintiff and Counter-Defendants be adjudged to have directly and indirectly infringed the '633 Patent and the '985 Patent either literally or under the doctrine of equivalents;

c..      That Counter- Defendants , their  officers, directors, agents, servants, employees, attorneys, affiliates,  divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from infringing the '985 patent;

d.      An award of damages to Sentius pursuant to 35 U.S.C. §284 sufficient to compensate Sentius for the Counter-Defendants'past infringement of the patents-in-suit including compensatory damages;

e.      An assessment of pre-judgment and post-judgment interest and costs in favor of Sentius and against Counter -Defendants, together with an award of such interest and costs, in accordance with 35 U.S.C. §284; and

e.      That Sentius have such other and further relief as this Court may deem just and proper, including enhanced damages.

Dated:  May 15, 2019                                        Respectfully submitted,

                                                                     CARR & FERRELL LLP


                                                                     By ____/s/ Robert J. Yorio_____
                                                                            ROBERT J. YORIO

                                                                     Attorneys for Defendant and Counterclaimant
                                                                     SENTIUS INTERNATIONAL, LLC

DEFENDANT SENTIUS INTERNATIONAL LLC'S ANSWER TO FIRST AMENDED COMPLAINT
FOR DECLARATORY JUDGMENT AND COUNTERCLAIMS; DEMAND FOR JURY TRIAL

1

**DEMAND FOR JURY TRIAL**

2

Sentius hereby demands a jury trial of all issues which are triable to a jury.

3

4    Dated:  May 15, 2019                                        Respectfully submitted,

5                                                                               CARR & FERRELL LLP

6

7                                                                               By ____/s/ Robert J. Yorio_____
                                                                                        ROBERT J. YORIO

8
                                                                               Attorneys for Defendant and Counterclaimant
9                                                                               SENTIUS INTERNATIONAL, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 15, 2019 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civ. L.R. 5-1(h)(1). Any other counsel of record will be served by U.S. Mail or hand delivery.

By     /s/ Robert J. Yorio
ROBERT J. YORIO

DEFENDANT SENTIUS INTERNATIONAL LLC'S ANSWER TO FIRST AMENDED COMPLAINT
FOR DECLARATORY JUDGMENT AND COUNTERCLAIMS; DEMAND FOR JURY TRIAL