RYAN J. MARTON (223979)
ryan@martonribera.com
CAROLYN CHANG (217933)
carolyn@martonribera.com
HECTOR J. RIBERA (221511)
hector@martonribera.com
MARTON RIBERA SCHUMANN & CHANG LLP
548 Market Street, Suite 36117
San Francisco, CA 94104
Tel.: (415) 360-2511

*Attorneys for Zoho Corporation and
Zoho Corporation Pvt., Ltd.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOHO CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>SENTIUS INTERNATIONAL, LLC<br><br>Defendant.<br><br>SENTIUS INTERNATIONAL, LLC<br><br>Counterclaimant,<br><br>v.<br><br>ZOHO CORPORATION and ZOHO CORPORATION PVT., LTD.<br><br>Counter-Defendants. | Case No: 4:19-cv-00001-YGR<br><br>**COUNTER-DEFENDANT ZOHO CORPORATION PVT. LTD.'S ANSWER TO COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

Zoho Corporation Pvt. Ltd.'s Answer to Counterclaims
Case No. 4:19-cv-00001

1   Counter-defendant Zoho Corporation Pvt., Ltd. ("Zoho India"), by and through its attorneys, hereby answers the counterclaims of Defendant Sentius International, LLC ("Sentius") with respect to allegations directed to Zoho India only and states as follows:

2   1.   The allegations set forth in Paragraph 1 of the Counterclaims appear to state legal conclusions to which a responsive pleading is not required.  To the extent that a responsive pleading is required, Zoho India admits that the Counterclaims purport to state a cause of action that arises under the federal patent statutes.  Zoho India denies any allegation of patent infringement.

### RESPONSE TO NATURE OF THE ACTION

2.   The allegations set forth in Paragraph 2 of the Counterclaims appear to state legal conclusions to which a responsive pleading is not required.  To the extent that a responsive pleading is required, Zoho India admits that the Counterclaims purport to state a cause of action that arises under the federal patent statutes and admits that copies of U.S. Patent No. RE43,633 ("the '633 patent") and U.S. Patent No. 7,672,985 ("the '985 patent") (collectively "the Patents-in-Suit") are attached to the Counterclaims as Exhibits A and B, respectively.  Zoho India denies any allegation of infringement of any of the Patents-in-Suit and denies that Sentius is entitled to recover any damages, attorney's fees, or costs.

### RESPONSE TO THE PARTIES

3.   Zoho India lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 3 of the Counterclaims and on that basis denies them.

4.   The allegations of Paragraph 4 of the Counterclaims are directed to Zoho Corporation ("Zoho").  Zoho India responds as to Zoho India only.

5.   Zoho India admits the allegations in Paragraph 5 of the Counterclaims.

### RESPONSE JURISDICTION AND VENUE

6.   The allegations set forth in Paragraph 6 of the Counterclaims appear to state legal conclusions to which a responsive pleading is not required.  To the extent that a responsive pleading is required, Zoho India admits that the Counterclaims purport to state a cause of action that arises under the federal patent statutes and admits that this Court has subject matter jurisdiction over such actions based on 28 U.S.C. §§ 1331 and 1338(a).

7. The allegations set forth in Paragraph 7 of the Counterclaims appear to state legal conclusions to which a responsive pleading is not required.  To the extent that a responsive pleading is required, Zoho India does not contest personal jurisdiction for this action only.  Zoho Indian denies the remaining allegation in Paragraph 7 of the Counterclaims.

8. The allegations set forth in Paragraph 8 of the Counterclaims appear to state legal conclusions to which a responsive pleading is not required.  To the extent that a responsive pleading is required, Zoho India admits it is a foreign corporation.  Zoho India denies the remaining allegations in Paragraph 8 of the Counterclaims.

9. Zoho India denies the allegations in Paragraph 9 of the Counterclaims.

10. Zoho India denies the allegations in Paragraph 10 of the Counterclaims.

11. Zoho India denies the allegations in Paragraph 11 of the Counterclaims.

## RESPONSE TO COUNT ONE

### (Allegations re Infringement of the '633 Patent)

12. Zoho India admits that on its face, the '633 patent purports to be a United States Patent, that bears a "Date of Patent" of September 4, 2012 and is titled "System and Method for Linking Streams of Multimedia Data to Reference Material for Display."  Zoho India admits that Exhibit A purports to be a true and correct copy of the '633 patent.  Zoho India denies the remaining allegations of Paragraph 12 of the Complaint.

13. Zoho India lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 13 of the Counterclaims and on that basis denies them.

14. Zoho India denies the allegations in Paragraph 14 of the Counterclaims.

15. Zoho India denies the allegations in Paragraph 15 of the Counterclaims.

16. Zoho India denies the allegations in Paragraph 16 of the Counterclaims.

17. Zoho India denies the allegations in Paragraph 17 of the Counterclaims.

18. Zoho India denies the allegations in Paragraph 18 of the Counterclaims.

19. Zoho India denies the allegations in Paragraph 19 of the Counterclaims.

20. Zoho India denies the allegations in Paragraph 20 of the Counterclaims.

21. Zoho India denies the allegations in Paragraph 21 of the Counterclaims.

22. Zoho India denies the allegations in Paragraph 22 of the Counterclaims.

23. Zoho India denies the allegations in Paragraph 23 of the Counterclaims.

24. Zoho India denies the allegations in Paragraph 24 of the Counterclaims.

25. Zoho India denies the allegations in Paragraph 25 of the Counterclaims.

26. Zoho India denies the allegations in Paragraph 26 of the Counterclaims.

27. Zoho India denies the allegations in Paragraph 27 of the Counterclaims.

28. Zoho India denies the allegations in Paragraph 28 of the Counterclaims.

29. Zoho India denies the allegations in Paragraph 29 of the Counterclaims.

30. Zoho India denies the allegations in Paragraph 30 of the Counterclaims.

31. Zoho India denies the allegations in Paragraph 31 of the Counterclaims.

32. Zoho India denies the allegations in Paragraph 32 of the Counterclaims.

33. Zoho India denies the allegations in Paragraph 33 of the Counterclaims.

34. Zoho India denies the allegations in Paragraph 34 of the Counterclaims.

35. Zoho India denies the allegations in Paragraph 35 of the Counterclaims.

36. Zoho India denies the allegations in Paragraph 36 of the Counterclaims.

37. Zoho India denies the allegations in Paragraph 37 of the Counterclaims.

38. Zoho India lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 38 of the Counterclaims and on that basis denies them.

## RESPONSE TO COUNT TWO

**(Allegations re Infringement of the '985 Patent)**

39. Zoho India admits that on its face, the '985 patent purports to be a United States Patent, that bears a "Date of Patent" of March 2, 2010, and is titled "Automated Creation and Delivery of Database Content." Zoho India admits that Exhibit B purports to be a true and correct copy of the '633 patent. Zoho India denies the remaining allegations of Paragraph 39 of the Complaint.

40. Zoho India lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 40 of the Counterclaims and on that basis denies them.

41. Zoho India denies the allegations in Paragraph 41 of the Counterclaims.

1  42. Zoho India denies the allegations in Paragraph 42 of the Counterclaims.
2  43. Zoho India denies the allegations in Paragraph 43 of the Counterclaims.
3  44. Zoho India denies the allegations in Paragraph 44 of the Counterclaims.
4  45. Zoho India denies the allegations in Paragraph 45 of the Counterclaims.
5  46. Zoho India denies the allegations in Paragraph 46 of the Counterclaims.
6  47. Zoho India denies the allegations in Paragraph 47 of the Counterclaims.
7  48. Zoho India denies the allegations in Paragraph 48 of the Counterclaims.
8  49. Zoho India denies the allegations in Paragraph 49 of the Counterclaims.
9  50. Zoho India denies the allegations in Paragraph 50 of the Counterclaims.
10 51. Zoho India denies the allegations in Paragraph 51 of the Counterclaims.
11 52. Zoho India denies the allegations in Paragraph 52 of the Counterclaims.
12 53. Zoho India denies the allegations in Paragraph 53 of the Counterclaims.
13 54. Zoho India denies the allegations in Paragraph 54 of the Counterclaims.
14 55. Zoho India denies the allegations in Paragraph 55 of the Counterclaims.
15 56. Zoho India denies the allegations in Paragraph 56 of the Counterclaims.
16 57. Zoho India denies the allegations in Paragraph 57 of the Counterclaims.
17 58. Zoho India denies the allegations in Paragraph 58 of the Counterclaims.
18 59. Zoho India denies the allegations in Paragraph 59 of the Counterclaims.
19 60. Zoho India lacks sufficient knowledge or information to form a belief as to the truth or
20 falsity of the allegations in Paragraph 60 of the Counterclaims and on that basis denies them.

**RESPONSE TO PRAYER FOR RELIEF**

Zoho India denies that Sentius is entitled to the relief if seeks or any relief at all for the allegations made in its Counterclaims.  Zoho India denies all allegations in the Counterclaims that have not been specifically admitted in paragraphs 1-60 above.

**AFFIRMATIVE DEFENSE**

Zoho India hereby asserts the following affirmative and other defenses to the claims and allegations contained in the Counterclaims.  Zoho India reserves the right to seek leave to amend this Answer to Counterclaims to plead additional defenses and/or to supplement its existing defenses.

**First Defense (Non-Infringement)**

61. Zoho India has not infringed, and does not infringe, and is not liable for any infringement of any claim of the '633 patent or any claim of the '985 patent.

**Second Defense (Invalidity)**

62. The '633 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35 of the United States Code, or the rules, regulations, and the law related thereto, including, without limitations, in 35 U.S.C. §§ 101, 103, 103, and 112 because the alleged invention lacks patentable subject matter; was used or known by others in this country or was patented or described in a publication before the date of the alleged invention; or was patented or described in a publication or were in public use or on sale for more than one year before the date of the patent application; or was not invented by the named inventors; or was invented by another prior to the date of the alleged invention; or was obvious in view of the prior art; or is indefinite; or does not claim what the applicants regarded as their invention; or does not contain a proper written description or enabling disclosure.

63. The '985 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35 of the United States Code, or the rules, regulations, and the law related thereto, including, without limitations, in 35 U.S.C. §§ 101, 103, 103, and 112 because the alleged invention lacks patentable subject matter; was used or known by others in this country or was patented or described in a publication before the date of the alleged invention; or was patented or described in a publication or were in public use or on sale for more than one year before the date of the patent application; or was not invented by the named inventors; or was invented by another prior to the date of the alleged invention; or was obvious in view of the prior art; or is indefinite; or does not claim what the applicants regarded as their invention; or does not contain a proper written description or enabling disclosure.

**Third Defense (Limitation on Damages)**

64. Sentius' claim for damages is barred, in whole or in part, by 35 U.S.C. § 286 and 35 U.S.C. § 287 and Sentius' failure to provide notice thereunder.

**Fourth Defense (Limitation on Costs)**

65. Sentius' claim for costs is barred, in whole or part, by 35 U.S.C. § 288 and 28 U.S.C. § 1928

**Reservation of Additional Defenses**

66. Zoho India reserves any and all additional defenses available to them under Title 35, or the rules, regulations, and law related thereto, the Federal Rules of Civil Procedure, the Rules of this Court, or otherwise in law or equity, now existing or later arising, as may be discovered.

Dated: August 26, 2019                             Respectfully submitted,


                                                   MARTON RIBERA SCHUMANN & CHANG LLP

                                                   By:    /s/ *Ryan Marton*
                                                          Ryan Marton

                                                   RYAN MARTON (SBN 223979)
                                                   carolyn@martonribera.com
                                                   MARTON RIBERA SCHUMANN & CHANG LLP
                                                   548 Market Street, Suite 36117
                                                   San Francisco, CA 94104
                                                   Telephone:  (415) 360-2514